[No. 12231. In Bank. — December 23, 1887.]

JAMES WALDRIP, Respondent, v. SAMUEL N. BLACK et al. JULIA A. BLACK, Appellant.

Pleading — Foreclosure — Unverified Answer — Admission of Genuineness and Due Execution. — Under section 447 of the Code of Civil Procedure, where the complaint in an action of foreclosure contains a copy of the note and mortgage sued upon, and the answer is unverified, the genuineness and due execution of those instruments are admitted.

Id. — Recitals in Mortgage — Presumption of Truth. — Under subdivision 2 of section 1962 of the Code of Civil Procedure, recitals in a mortgage, as between the parties thereto, must be held as true.

Id. — Suretyship — Mortgage — Recitals in — Judgment — Demurrer. — In an action by a surety on a promissory note to foreclose a mortgage given to secure him from liability thereon, a judgment in favor of the plaintiff will not be reversed for want of a sufficient allegation in the complaint

of the plaintiff's suretyship, when the language of the mortgage, as set out in the complaint, is sufficient to show, in the absence of any proof to the contrary, that the plaintiff was a surety, and no demurrer was interposed pointing out any special defects in the complaint.

ID.— INDORSEMENT TO SURETY — PRESUMPTION OF PAYMENT AND OWNERSHIP. — An indorsement upon a promissory note to the effect that it was indorsed by the payee to the surety for value received, together with the possession of the note by the surety, is sufficient, in the absence of evidence to the contrary, to raise the presumption that the surety had paid the apparent value of the note and was its owner.

ID. —PAYMENT BY SURETY —EQUITABLE ASSIGNMENT. —A surety upon a promissory note, upon being compelled to pay the same, becomes the equitable assignee of the note, and entitled to enforce its payment according to its tenor and effect, as the holder thereof, and also to foreclose a mortgage given to secure him from liability on the note.

ID.— RIGHT OF SURETY TO REIMBURSEMENT — INTEREST.— A surety upon a promissory note, after paying the same, is not entitled to reimbursement to any greater extent than the amount of the principal and interest that he has been obliged to pay, together with legal interest upon the gross sum so paid from the date of its payment.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Paris, Goodcell & Fox,* for Appellant.

*Hight & Damron,* for Respondent.

FOOTE, C.—This is an action which was instituted for the purpose of foreclosing a mortgage against S. N. Black and Julia A. Black.

The court below gave judgment by default against S. N. Black, and the cause having been tried upon its merits, rendered judgment, as prayed for in the complaint, against Julia A. Black. She alone has appealed from the judgment and an order denying her a new trial.

It appears from the record that the mortgage was executed by the Blacks in favor of Waldrip, to secure him harmless against having to pay a joint note for three

hundred dollars, which the two Blacks and Waldrip had signed as joint makers in favor of one Logsdon, or order, due three months after its date, and bearing interest at one per cent per month until paid.

The complaint alleges although Waldrip was an apparent maker, that he was in fact a mere surety for the Blacks, and after the note became due, the Blacks having suffered it to remain unpaid except the sum of nine dollars, that Waldrip paid to Logsdon, the payee, the full amount due upon the note, and had it indorsed to himself, and that the mortgage was given to secure him in the reimbursement for such a payment, if he should be obliged to make it.

That pleading also contained a copy of the note and mortgage upon which the suit was brought, but the answer of Julia A. Black thereto was not verified, hence the genuineness and due execution of those instruments were admitted. (Code Civ. Proc., sec. 447.)

The language of the mortgage, as set out in the complaint, although not as definite as might be desired, is sufficient to show, in the absence of any proof to the contrary, that the note was signed by Waldrip as a surety merely, and no demurrer having been filed pointing out any special defects of the complaint, the judgment should not be reversed for the want of a sufficient allegation of the plaintiff's suretyship. (*Chase* v. *Evoy*, 58 Cal. 349.)

The genuineness of the mortgage is not controverted, and its recitals are to be held as true. (Code Civ. Proc., sec. 1962, subd. 2.)

It is clear, therefore, that the plaintiff signed the note as surety only, and that the mortgage was executed to save him harmless, and to reimburse him for any payment for and on account of the note he might be compelled to make.

The indorsement upon the note to the effect that it was indorsed by the payee Logsdon to Waldrip for value

received, together with its possession by Waldrip, and all the other circumstances surrounding the transaction, at least entitled the court to presume, there being no evidence to the contrary, that Waldrip, the surety, had paid the apparent value of the note to Logsdon, and was the owner of it. This being so, the Blacks, for whom he had become surety, were bound to reimburse Waldrip for what he had been obliged to pay on account of their failure to pay the note, as they promised to do. Having never been in reality, as to the Blacks, a maker of the note, but a mere surety, upon his being compelled to make payment to Logsdon of what was due upon it, he became the equitable assignee of the note, it being the principal undertaking, and entitled to enforce its payment according to its tenor and effect, as the holder thereof, as well as to foreclose the mortgage, which was the collateral security. (3 Pomeroy's Eq. Jur., sec. 1419, note 1; *Cottrel's Appeal*, 23 Pa. St. 294; *Lidderdale* v. *Robinson*, 2 Brock. 159.) Chief Justice Marshall, in the case last mentioned, tersely, yet most forcibly, says: "When a person has paid money for which others were responsible, the equitable claim which such payment gives him on those who were so responsible shall be clothed with the legal garb with which the contract he has discharged was invested, and he shall be substituted, to every equitable extent and purpose, in the place of the creditor whose claim he has discharged." (See also *Ellsworth* v. *Lockwood*, 42 N. Y. 93, middle of page, and numerous cases there cited.)

We are of opinion that the mortgage sought to be foreclosed was not void for uncertainty.

But it does not necessarily follow, from the proposition of law just cited as authority, that the person who has paid his money for which others are responsible should, in this case, although "clothed with the legal garb with which the contract he has discharged was invested," be allowed to be reimbursed to any greater

extent than the amount, principal and interest, he has been obliged to pay out, together with legal interest upon the gross sum so paid out from the date of its payment. In other words, it does not follow, in this case, that because the surety can recover, according to the terms of the note, the principal and interest he actually paid out, that he can also recover, from and after the time of his payment of that sum, one per cent per month interest as provided in the note; he is simply entitled to recover the legal rate of interest upon the whole sum of money he has paid out from the date of that payment.

It would appear, therefore, that the judgment should be so modified as that it be reduced by the sum of $17.13, which is the excess of interest allowed by the court over and above what was legally due on the thirty-first day of December, 1886, the date of the rendition of that judgment. In all other respects the judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, let the judgment be modified as above indicated, and as modified, the judgment and order are affirmed.