[No. 9932.   Department One. — June 9, 1888.]

## CHARLES D. WRIGHT, APPELLANT, v. GUSTAVE L. MIX, RESPONDENT.

EXTINGUISHMENT OF OBLIGATION BY PAYMENT. — Where A owes B and C jointly, and C accepts from A a certain sum in satisfaction of his share of what is due, his right is extinguished and cannot be kept alive by an assignment without consideration to a third person "in trust" for A.

ID. — BAR OF JUDGMENT. — If afterwards B sues A on the whole claim, A must plead the payment to C in partial satisfaction of the claim; if not, the judgment against A is conclusive, and he cannot maintain a suit in the name of the third person for an interest in the judgment against himself.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*John Reynolds*, for Appellant.

The judgment recovered by Mix in the action of *Mix v. Miller* was held as to one third thereof, in trust for Howes, or his assignee, the present plaintiff. (*Gradwohl v. Harris*, 29 Cal. 150; Civ. Code, secs. 2215 et seq.; *Sum-*

*mers* v. *Farish,* 10 Cal. 351; Perry on Trust, secs. 13, 67, 2462.)

*S. W. Holladay,* and *James C. Cary,* for Respondent.

HAYNE, C. — Suit to declare a trust as to one third of a judgment recovered by the defendant, Mix, against one Henry Miller. It appears that Miller employed Mix, who was a searcher of records, to prepare an abstract of title to the Las Animas rancho to be used in a partition suit. A few days after the agreement, the defendant, Mix, with the consent of Miller, associated with himself another searcher (one Howes), and agreed that he should have one third of what should be obtained for their services. When the abstract was prepared, a dispute arose as to what was to be paid for it, no sum having been fixed. Miller offered the searchers eighteen hundred dollars, in addition to certain sums which he had paid. on account, in satisfaction of what was due to them. They declined this proposition; but a short time afterward, Howes, without the knowledge of Mix, agreed with the attorneys of Miller to accept six hundred dollars as his share of what was due to himself and Mix. There was also an understanding that in case anything over and above the fee was ordered paid by the other co-tenants as costs in the partition suit, Howes was to get one third of it; but he was to have no further personal claim against Miller. In pursuance of this arrangement, Miller furnished the money to pay Howes. Howes did not give any satisfaction or receipt, but executed an assignment to the plaintiff, Wright. Wright was an attorney, who had an office adjoining the offices of the attorneys for Miller. He paid no money to Howes, and had no interest in the claim, but acted simply as the "trustee" of Miller. Mix afterward brought suit upon the. claim and recovered a judgment against Miller for the sum of ten thousand dollars, which judgment was affirmed on appeal. It does not clearly ap-

pear whether that suit is to be taken as for the whole demand against Miller, or only for Mix's two thirds of it; and in the view we take, it is not necessary to determine that question.   Wright now sues to declare Mix a trustee for him as to one third of the ten-thousand-dollar judgment.   The court below gave judgment for the defendant, and the plaintiff appeals.

1. We think that upon the record the obligation of Miller was directly to Howes and Mix, and not to Mix only.   In the first instance it was to Mix only.   But it is alleged in the complaint that a few days thereafter Mix "obtained the consent of said Miller to *associate with him* in said employment one S. P. Howes. . . . . And it was on said last-named day agreed, by and between said defendant and said Howes,. that they should together revise, correct, and complete said abstract, and that the fee or price which should be obtained for their services in the matter should be divided between them."   This allegation is not denied.   And we think the construction that must be given to it is that a new arrangement was made between Miller, Mix, and Howes, by which the latter two were to do the work jointly, and be interested in the fee in the proportions mentioned, in which view Miller was responsible directly to Howes as well as to Mix. There is some evidence to the effect that Mix proceeded on the theory that Miller was responsible to him alone, and that Howes "was his assistant, having no relation with Miller."   But that does not seem to have been Howes's view of the matter.   And the court finds that "Mix, by consent of Miller, *associated with him* in said work one S. P. Howes, and they (Mix and Howes) agreed together in writing to do said abstract work, and Miller *agreed to pay therefor.*"   The court, therefore, took Howes's view of the matter.   But however this may be, the allegation of the complaint, being admitted, must control. Miller, therefore, was liable directly to Howes for one third of the fee.

2. Miller having paid the six hundred dollars directly to Howes, and the latter having accepted it in full satisfaction, his claim was extinguished. In this regard the court finds that "Howes had been fully paid and settled with by Miller for all his (Howes's) claims, and demands for his services in the matter of said abstract, at or about the time of his pretended assignment to plaintiff above set forth, . . . . of all of which plaintiff had due notice at the time of said payment and settlement." And this finding is justified by the evidence. It is undisputed that the money came from Miller. The plaintiff had no interest in it whatever, and admits that he acted only as "trustee" for Miller. Howes says that he "had settled with Miller"; that his understanding of the transaction was, that it was simply to protect Miller; and that after the settlement he had no further personal claim against Miller.

Taking these to be the facts, it is evident that the claim was extinguished by payment, and could not be kept alive in the way attempted. "Full performance of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf and with his assent, if accepted by the creditor, *extinguishes it.*" (Civ. Code, sec. 1473.) An obligation which has been extinguished by payment cannot be subsequently transferred. (*Moran* v. *Abbey*, 58 Cal. 167; *Gordon* v. *Wansey*, 21 Cal. 78; *Citizens' Bank* v. *Lay*, 80 Va. 436; *McClure* v. *Andrews*, 68 Ind. 98; *Rolfe* v. *Wooster*, 58 N. H. 526.) And we think that it makes no difference that the attempted transfer is made at the same time as the payment, and as part of the same transaction. It was a mere disguise, gotten up as a weapon for use in the controversy with Mix.

This being the case, if the suit by Mix is to be regarded as for the whole amount due to himself and Howes, the payment to Howes would have been a de-

fense *pro tanto,* and ought to have been pleaded in that action. If, on the other hand, the suit by Mix was only for his two thirds, the other third was not involved, and the plaintiff has no color of right to the judgment.

We, therefore, advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.