[No. 13940. Department One. — October 22, 1890.]

PLEZ   JAMES, Respondent, v. JACOB YAEGER ET AL., Appellants.

Payment — Extinction of Note — Purchase from Accommodation Maker — Action by Indorsee — Defense. — When one of the co-makers of a non-negotiable note, who is merely a surety for the other makers, pays the note to the payee, and takes it up, the note becomes extinguished, and ceases to be a binding obligation, and a purchaser of the note from the surety after maturity, or if the note be non-negotiable, whether before or after maturity, takes it subject to the defense of payment, and can maintain no action upon it, either against the co-makers or against the surety who assigned the note to him.

Id. — Presumption of Notice — Pleading — Bona Fide Purchase. — The fact that the purchase of the note was from one of the makers is sufficient to put the purchaser on inquiry as to the fact of its payment; and it must be presumed that he took with full knowledge of all the facts, if his complaint does not allege that he had no knowledge thereof at the time when the note came into his hands.

Id. — Estoppel — Assignment by Maker after Payment of Note — Pleading. — The maker who puts out a note after it has been paid is not estopped to set up the defense of its extinguishment by payment, when it is not alleged that the assignee was ignorant of the facts, or that he was misled by any representations of the maker who assigned the note to him.

Id. — Transfer of Note — Warranty against Worthlessness — Construction of Code. — Section 1774 of the Civil Code, which provides that one who sells or agrees to sell an instrument purporting to bind any one to the performance of an act, thereby warrants that he has no knowledge of any facts which tend to prove it worthless, extinct, or invalid, applies only to the transfer of paper in due course to an innocent holder, and does not apply to an indorsee with knowledge of the defense of payment, or who is put on inquiry as to the facts constituting such defense.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles S. McKelvey,* for Appellants.

The payment of a non-negotiable contract of the kind set forth in the complaint is a full discharge to all parties to the contract. (See Co. Lit. 23 a; Bishop on Contracts, par. 870; *Lenoir* v. *Moore,* 66 Miss. 400; *Tuttle* v. *Cooper,* 10 Pick. 281; *Elgin* v. *Hill,* 27 Cal. 373; *Wood* v. *Wood,* 127 Mass. 141; *Wright* v. *Mix,* 76 Cal. 465.) An obligation which has been discharged by payment cannot be afterwards transferred. (*Moran* v. *Abbey,* 58 Cal. 167; *Gordon* v. *Wansey,* 21 Cal. 78.) Under section 1474 of the Civil Code, performance of an obligation by one of several persons, who are jointly liable under it, extinguishes the liability of all. The discharge of one party to a contract is, in law, a discharge of all. (*Lenoir* v. *Moore,* 66 Miss. 400.)

*Richard Melrose,* and *E. A. Meserve,* for Respondent.

While after payment the parties thereby discharged cannot be bound by its reissue, still bills and notes may remain negotiable after payment, so far as respects the parties who shall knowingly negotiate the same afterward, for in such case the negotiation cannot prejudice any other persons, and will only charge themselves. (2 Daniel on Negotiable Instruments, sec. 1242; and to the same effect, see Story on Bills, 3d ed., sec. 223, p. 266; Bayley on Bills, 5th ed., sec. 156; see *Gordon* v. *Wansey,* 21 Cal. 77.) One liable on a note, bond, or mortgage, or the like, who tells one desiring to purchase the same that it has no defense, that it is "good," or that he has no defense, will be estopped from setting up against such purchaser a want of consideration, that the signature was not his, that it is void on account of usury, etc. (Hermann on Estoppel,

sec. 997, and cases cited in note 5; *Wilkinson* v. *Searcy*, 74 Ala. 243; *Plummer* v. *Farmers' and Merchants' Bank*, 90 Ind. 386; *Feltz* v. *Walker*, 49 Conn. 93; *Hefner* v. *Dawson*, 63 Ill. 403; 14 Am. Rep. 123; *Weyh* v. *Boylan*, 85 N. Y. 394; 39 Am. Rep. 669; *Smyth* v. *Munroe*, 5 Lea, 372; *Swan* v. *North*, 7 Com. B., N. S., 400; *Rae* v. *Lawson*, 18 How. Pr. 23; *Cook* v. *McCahill*, 41 N. J. Eq. 69; *Lengar* v. *Hazlewood*, 11 Lea, 539; *Rudd* v. *Matthews*, 79 Ky. 479; 42 Am. Rep. 231; *Bates* v. *Leclair*, 49 Vt. 229.) This has been carried even to the extent of holding a man liable under such circumstances where his name was in fact a forgery. (Hermann on Estoppel, sec. 1007, and cases cited; *Lancaster* v. *Baltzell*, 7 Gill & J. 468; 23 Am. Dec. 233; *Heffner* v. *Vanolah*, 57 Ill. 520.) It is not a question of warranty, but of representation and estoppel, a representation of his liability as a maker. And a representation is binding in its full natural import. (*Guthrie* v. *Quinn*, 43 Ala. 561.) And it extends to the legal consequences legitimately resulting therefrom. (*Dodge* v. *Pope*, 93 Ind. 480.)

Works, J. — This action was brought by the respondent, as indorsee, against the appellant and two others, on a non-negotiable, joint and several promissory note. The other makers of the note denied the assignment to the respondent, and set up affirmatively that the note had been fully paid by the appellant. The appellant answered, admitting the execution of the note by himself and the other defendants, but denied that the payee of the note had ever assigned or delivered the same to the respondent, and alleged that he had fully paid the note to the payee, and taken it up; that he thereby became entitled to contribution from his co-makers; that he was only a surety on the note for the other makers, which was known to the plaintiff; and that he sold his right to contribution to the plaintiff, and nothing more, and assigned and delivered the note to him for the purpose of securing the same.

At the trial, it appearing that the appellant had in fact fully paid the note to the payee upon its maturity, and taken it up, the court granted a nonsuit as to the other defendants, who were the principals on the note, and the plaintiff amended his complaint by adding thereto the following allegations: "2. That on or about the twenty-ninth day of November, 1889, the said defendant C. Gomber paid the principal sum of said promissory note, and the interest due thereon, to the said H. Werder, and that thereupon the said Werder delivered the said promissory note to the defendant C. Gomber; and afterwards, to wit, on or about the fourth day of December, 1889, the said defendant Gomber sold and delivered said note for a valuable consideration to the said plaintiff; 3. That since the said fourth day of December, 1889, no part of the said principal sum of said promissory note, nor of the interest due thereon, has been paid by said defendant Gomber, or at all."

Upon the issues thus formed the court below tried the cause, and found the execution of the note, as alleged, the payment of it to the payee by the appellant, and its delivery to him; that he afterwards sold the note to the plaintiff, and has not since paid it the second time; and upon these findings rendered judgment against the appellant for the amount of the note and interest.

It is contended by the appellant that the findings of the court do not sustain the judgment. In this contention we fully agree with counsel for appellant. By the payment to the payee the note became extinct, and ceased to be a binding obligation. (Code Civ. Proc., sec. 1473; *Wright* v. *Mix*, 76 Cal. 465.) And a purchaser of the note after maturity — or in this instance, the note being non-negotiable, whether the purchase was before or after maturity — took it subject to the defense of payment. (*Elgin* v. *Hill*, 27 Cal. 373.) Having been paid, it became *functus officio*, and no action could be maintained upon it. (*Gordon* v. *Wansey*, 21 Cal. 79.) If the respond-

ent had been an innocent purchaser, it would have been different. But here, not only was the note non-negotiable and the purchase by the respondent after maturity, but his purchase was from one of the makers of the note. This was sufficient to put him upon inquiry. But it must be presumed, in this case, that the respondent took the note with full knowledge of all the facts.

In his amended complaint he alleges the facts, but does not allege that he had no knowledge thereof at the time the note came into his hands. And, as we have said, the mere fact that the note was in the hands of one of the makers, after maturity, was sufficient notice to him that it had been paid and taken up. We do not overlook the fact contended for by the respondent, that a negotiable note may, under certain circumstances, be enforced against certain parties to it after payment. But this is not one of the cases. The purchaser of a note from the maker, after maturity, cannot claim to be an innocent holder, nor can he claim, as against the maker or any one else, that the note has not been extinguished, if it has in fact been paid.

But it is contended that the maker who again puts out the note is estopped to deny its genuineness, or to set up the defense of its extinguishment by payment. We do not think so under the circumstances of this case. There is no allegation or finding that the respondent was ignorant of any of the facts, or that he was misled by any representations of the appellant, or otherwise. This being so, there is no element of estoppel in the case. Counsel for respondent rely upon section 1774, Civil Code, which provides: "One who sells or agrees to sell an instrument purporting to bind any one to the performance of an act thereby warrants that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto, where that is material, the extinction of its obligations, or its invalidity for any cause." But this section only applies

to the transfer of paper, in due course, and to an innocent taker. This must be so necessarily, else all the legislation for the protection of an innocent holder of commercial paper, as between him and his assignor, would be unnecessary, and an indorsee with knowledge would be protected equally with a purchaser for value and without notice.

Judgment reversed, and cause remanded for a new trial.

Fox, J., and PATERSON J., concurred.