[S. F. No. 1917.  Department One.—January 21, 1902.]

## J. LOEWENTHAL, Respondent, v. J. F. COONAN et al., Defendants.  MARY COONAN, Appellant.

PRINCIPAL AND SURETY—PAYMENT OF NOTES BY SURETY—REIMBURSEMENT—INDEMNITY—FORECLOSURE OF MORTGAGES—STATUTE OF LIMITATIONS.—Where a surety who had signed several promissory notes paid them, his cause of action to foreclose mortgages given to him by the principal, by way of indemnity or security for his liability upon the notes, is not upon the notes, but is for reimbursement of the moneys paid when he took up the notes, and the statute of limitations did not begin to run thereupon from the date or maturity of the notes, but only when they were paid by the surety.

ID.—FORECLOSURE OF MORTGAGE BY WAY OF DEED—EVIDENCE—SUBSEQUENT DECLARATION OF HOMESTEAD.—A declaration of homestead upon community property filed subsequently to the record of a deed of the same property by the husband, intended as a mortgage, is subject to the mortgage; and the exclusion of it from evidence in the action to foreclose the mortgage cannot prejudice the wife as appellant from the decree of foreclosure.

ID.—PLEA OF PRIOR ACTION PENDING—PROOF OF DISMISSAL—OPENING CASE AFTER SUBMISSION—DISCRETION.—Where the defendant pleaded a prior action pending for the same cause, it was not an abuse of discretion to allow the opening of the case after submission thereof, to permit the plaintiff to prove by the clerk's register of actions that the prior action had been dismissed in proper form.

APPEAL from a judgment of the Superior Court of Humboldt County.  G. W. Hunter, Judge.

---

[1] 5 Am. St. Rep. 448, and note.

The facts are stated in the opinion of the court.

Henry L. Ford, and J. S. Burnell, for Appellant.

J. W. Turner, for Respondent.

VAN DYKE, J.—This action was brought to foreclose four several mortgages alleged to have been given by the defendant J. F. Coonan to the plaintiff, as security or indemnity to the plaintiff by reason of the said plaintiff having signed certain promissory notes as surety for said defendant Coonan. The appellant Mary Coonan and several others were made defendants, on the ground, as alleged in the complaint, that they claimed some interest in the premises covered by the mortgages, but which interest, if any, was subsequent and subject to said mortgages. From the judgment in favor of plaintiff the defendant Mary Coonan appeals.

The principal ground upon which appellant relies for a reversal of the judgment is, that the action is barred by the statute of limitations. The notes on which the plaintiff was a co-maker with the defendant J. F. Coonan are dated at different periods, from September 1, 1892, to March 11, 1895, being for different sums, and made payable to different parties. The court finds that, for the purpose of securing the plaintiff from loss by reason of his signing the said several promissory notes, and as an indemnity against loss therefor, as surety for the said J. F. Coonan, the said J. F. Coonan, between the 8th of March, 1890, and the 10th of May, 1894, executed and delivered to the plaintiff the four several mortgages set out in the complaint, two in the form of mortgages, and two in the form of deeds, but intended as mortgages, by and between the said parties thereto, and as continuing securities, not only for such promissory notes as had been already signed by the plaintiff as surety as aforesaid, but such as plaintiff might thereafter sign at the request of said J. F. Coonan. The court also found that the second mortgage, by an agreement between the plaintiff, as mortgagee, and defendant J. F. Coonan, the mortgagor, was superseded by the third mortgage, bearing date July 8, 1893, in form a deed, but intended as a mortgage, as before stated. A judgment of foreclosure was decreed as to the other three mortgages,—to wit, the first, a mortgage in form, and the third

and fourth, in form deeds, but intended as mortgages in fact, as aforesaid. The plaintiff has not appealed, and therefore the second mortgage may be considered as eliminated from the case.

The appellant, in support of the contention as to the statute of limitations, seems to have an entire misconception of the nature of the action. The suit by the plaintiff is not upon the notes. He was a maker, with the defendant J. F. Coonan, of the notes, and they were made payable to other parties. The plaintiff's cause of action springs from the fact, as alleged and found, that about the 28th of August, 1897, he, as surety for the defendant Coonan, paid and took up the notes which he had signed as maker with said defendant. His right of action accrued from the time he paid or took up the notes, and not from the date of the notes, and the statute of limitations would not commence to run as against him until his cause of action accrued. In *Pleasant* v. *Samuels,* 114 Cal. 34, in a similar case, it is said: "In the case at bar the action is not brought upon a promissory note to recover against the maker upon the promise which he has made in such note. The cause of action rests upon the fact that the plaintiff was compelled to take up and pay, and did take up and pay, notes which he himself had made for the accommodation of the defendant. The cause of action arose at the time when the plaintiff made such payments of money for the benefit of the defendant." (Wood's Statute of Limitations, p. 321; Jones on Mortgages, par. 1213; Brandt on Suretyship, sec. 199; 28 Am. & Eng. Ency. of Law, p. 794; *Yule* v. *Bishop,* 133 Cal. 574.)

The lands and premises involved in the case were the community property of the defendant J. F. Coonan and his wife, the appellant, Mary Coonan, and under the law, as such, were subject to the control of the said defendant J. F. Coonan, by way of mortgage or sale for a consideration. The appellant, however, relies upon a homestead claim covering the northwest quarter of block 64 in the city of Eureka, being a portion of the premises included in the instrument bearing date July 8, 1893, in form a deed, but given as, and understood to be in fact, a mortgage. This deed was duly recorded on the day of its date, whereas the declaration of homestead was not recorded until September 16, 1896. The court, therefore, properly found that all the right and claim of the said appellant,

Mary Coonan, were subsequent to and subject to the lien of the mortgages. The exclusion of the declaration of homestead, therefore, could not prejudice the appellant, being subsequent and subject to the mortgage covering the said premises. The findings of fact are supported by the evidence, and it is found by the court that the first mortgage was not satisfied or superseded by the first deed, which was given by way of a mortgage, already referred to, nor were either of said deeds intended as an extinction, novation, or as an accord and satisfaction of the debt or obligation due the plaintiff, growing out of the transaction as surety for defendant J. F. Coonan, as stated. At the close of the trial plaintiff asked the court, in order to save any question, that the submission be opened to allow him to show by the clerk's register in proper form the dismissal of the action which had been pleaded as pending in reference to the same cause, and it was no error, nor even an abuse of discretion, under the circumstances, for the court to grant the request, and allow the proper proof to be introduced, showing that the action referred to had been dismissed.

While the mortgage which is set forth in the complaint creates an obligation on the part of the mortgagor to pay a reasonable counsel fee for its foreclosure, it does not provide that such counsel fee shall be secured by the mortgage. It was therefore error for the court to provide in its judgment that the amount of the counsel fee allowed to the plaintiff should be a lien upon the mortgaged lands, and to direct its payment out of the proceeds of their sale under such judgment. (*Klokke* v. *Escailler,* 124 Cal. 297.)

For this error the cause is remanded to the superior court, with directions to modify its judgment by excluding from the amount for the payment of which the mortgaged lands shall be sold the sum allowed for attorney's fees, and providing that the amount so allowed shall be entered as a personal judgment against the defendant J. F. Coonan. In all other respects the judgment is affirmed. The costs of this appeal to be borne by the appellant.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.