[No. 32.    Third Appellate District.—July 3, 1905.]

## G. W. CRYSTAL, Appellant, v. MRS. C. A. HUTTON, Respondent.

JOINT NOTE—PAYMENT BY SURETY—OBLIGATION EXTINGUISHED—REMEDY AGAINST PRINCIPAL—STATUTE OF LIMITATIONS.—In this state one who signs a joint note as co-maker, but designating himself as surety, and who pays the note, thereby extinguishes its obligation, and his sole remedy against the principal maker is upon the implied obligation of the principal to reimburse him, which is barred in two years after such payment.

ID.—IMPROPER ACTION UPON NOTE—ASSIGNMENT BY HOLDER—PLEADING—OWNERSHIP—CONCLUSION OF LAW—DEMURRER.—The surety in such case cannot maintain an action upon the note by taking an assignment thereof from the holder after its extinguishment by payment; and a complaint by the surety on the note setting forth the facts shows on its face that the note is *functus officio*. The averment of ownership of the note is of a conclusion of law, and a demurrer to the complaint was properly sustained.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Horace G. Perry, and E. E. McFarland, for Appellant.

The surety was entitled to take an assignment of the obligation and hold it against the principal.   (Civ. Code, sec.

2848; *Hayes* v. *Ward,* 4 Johns. Ch. 123, 8 Am. Dec. 531;
*Clason* v. *Morris,* 10 Johns. 524; *New York State Bank* v.
*Fletcher,* 5 Wend. 85; *Bullock* v. *Boyd,* 1 Hoff. Ch. 294; *Van
Horne* v. *Everson,* 13 Barb. 526; *Goodyear* v. *Watson,* 14
Barb. 481; *Cuyler* v. *Ensworth,* 6 Paige, 32; *Edson* v. *Dillaye,*
17 N. Y. 158; *Fairchild* v. *Lynch,* 99 N. Y. 359, 2 N. E. 20;
*Tutt* v. *Thornton,* 57 Tex. 35; *Waldrip* v. *Black,* 74 Cal. 409,
16 Pac. 226; *Williams* v. *Riehl,* 127 Cal. 369, 59 Pac. 762;
*Lidderdale* v. *Robinson,* 2 Brock. 159, Fed. Cas. No. 8337;
*Cottrell's Appeal,* 23 Pa. St. 294; Brandt on Suretyship, sec.
274; 3 Pomeroy's Equity Jurisprudence, sec. 1419, note 1;
Story's Equity Jurisprudence, sec. 500.)

Coghlan, Harvey & Goodman, for Respondent.

Whatever the law may be elsewhere, in this state it is set-
tled that the only remedy of the surety paying a just note is
upon the implied obligation of the principal, which is barred
in two years.     (Civ. Code, sec. 1473; Code Civ. Proc., sec.
**339**; *Yule* v. *Bishop,* 133 Cal. 578, 579, 65 Pac. 1094, and cases
therein cited.)

CHIPMAN, P. J.—Action by a surety against the principal
on a promissory note.

Defendant pleaded, by demurrer, subdivision 1 of section
339 of the Code of Civil Procedure in bar of the action.    The
complaint was filed March 11, 1903.    The demurrer was sus-
tained, and plaintiff declining to amend his complaint, judg-
ment passed for defendant, from which plaintiff appeals.

The complaint alleges that defendant, Mrs. Hutton, made
her certain promissory note, which is set forth *in haec verba.*
The note is dated March 12, 1898, and is payable to the order
of H. C. Deakin twelve months after date, with interest at
ten per cent, payable annually, and to be compounded, and is
signed as follows: ''Mrs. C. A. Hutton.    .G. W. Crystal,
Surety.''    It is alleged in the complaint that on March 17,
1898, the note was duly indorsed to Mrs. C. Deakin; that
plaintiff, at request of defendant, signed said note as surety
and had no interest therein; that defendant refused and
neglected to pay said note and interest when the same fell
due, and plaintiff, as surety, was compelled to pay the same,
and did pay, to Mrs. C. Deakin thereon the sum of $2,360.10

on March 30, 1900, and "that thereupon, on said day, said Mrs. C. Deakin indorsed, assigned, and delivered said note to this plaintiff, and plaintiff ever since has been and now is the legal owner and holder thereof"; that no part of said sum of $2,360.10 has been paid, and the whole thereof is due and unpaid. The prayer of the complaint is for the sum of $2,360.10, with interest thereon from March 30, 1900, at the rate of ten per cent per annum, compounded annually.

1. It is contended by appellant that the action is founded upon a written instrument,—namely, the promissory note set out in the complaint,—and may be brought at any time within four years from its maturity. Respondent's contention is, that when the surety paid the original obligation,— namely, the promissory note,—it became extinguished, and no action could be maintained upon it, and that the action of the surety in such case is upon an implied promise of the principal to reimburse the surety, and is not an obligation in writing, and was therefore barred in two years from the time the surety paid the note.

Appellant relies upon the provisions of sections 2848 and 2849 of the Civil Code, which gives to a surety, upon satisfying the obligation of the principal, the right "to enforce every remedy which the creditor then has against the principal to the extent of reimbursing what he has expended," etc. He also contends that section 1473 of the Civil Code, which provides that "Full performance of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assent, if accepted by the creditor, extinguishes it," does not apply to sureties. It is urged that effect must be given to section 2849, in considering these two sections together, because this section is a special law, while section 1473 is a general law, and the latter must give way to the former.

Appellant's attorneys appear to have made a very careful study of the history of these provisions of the code, tracing their origin to the New York code, and they show by decisions of the courts of that state that apparently the construction contended for by appellant is there held to be the correct one, and that the rule of law respecting the rights of a surety is as appellant urges should be the rule here. Cases are also cited from other states holding in consonance with the rule said to

be enforced in the New York courts. Two cases from our own supreme court are cited as supporting appellant,—namely, *Waldrip* v. *Black,* 74 Cal. 409, [16 Pac. 226], and *Williams* v. *Riehl,* 127 Cal. 365, [78 Am. St. Rep. 60, 59 Pac. 762]. If the question were *res integra* in this state, we should feel called upon to give it a searching examination, for the courts have differed widely and are far from agreement upon it. However the question may be regarded elsewhere, we think the rule firmly settled in this state that payment by the surety of the obligation evidenced by a promissory note under the circumstances shown in the complaint extinguishes the obligation, and that the remedy given the surety in such case is upon the implied obligation of the principal debtor to reimburse the surety "what he has expended." The cases which more or less sustain this rule are the following: *Chipman* v. *Merrill,* 20 Cal. 131; *Gordon* v. *Wansey,* 21 Cal. 77; *Moran* v. *Abbey,* 58 Cal. 163; *Wright* v. *Mix,* 76 Cal. 465 [18 Pac. 645]; *Stone* v. *Hammell* 83 Cal. 547, [17 Am. St. Rep. 272, 23 Pac. 703]; *James* v. *Yaeger,* 86 Cal. 184, [24 Pac. 1005]; *Stanley* v. *McElrath,* 86 Cal. 449, [24 Pac. 16]; *Pleasant* v. *Samuels,* 114 Cal. 34, [45 Pac. 998]; *Yule* v. *Bishop,* 133 Cal. 574, [65 Pac. 1094]; *Loewenthal* v. *Coonan,* 135 Cal. 381, [87 Am. St. Rep. 115, 67 Pac. 324]. The question had careful consideration in *Yule* v. *Bishop,* as indeed in other cases above cited, and after reviewing the cases it was there said: "In this state, therefore, it seems to be well settled, both by the language of the code and by the decisions of this court under it, that full payment and performance by the surety extinguishes the primary obligation; that new rights and liabilities then arise—upon the part of the principal, to reimburse the sureties for the moneys expended, with legal interest, though not according to the terms of the primary obligation; and upon the part of the surety, the right to an action in *assumpsit* upon the implied promise of the principal to make him whole. Since the principal obligation is thus extinguished, it cannot be with us as it may be elsewhere, that the original obligation is kept alive and passes to the surety by equitable assignment or subrogation."

This case was reconsidered on petition and the Department decision was approved. There is nothing in the dissenting opinion of Mr. Justice Harrison which necessarily contra-

venes the majority opinion. Furthermore, in *Loewenthal* v. *Coonan,* 135 Cal. 381, [87 Am. St. Rep. 115, 67 Pac. 324], which was decided subsequently to *Yule* v. *Bishop,* Mr. Justice Van Dyke, who concurred in the dissenting opinion just referred to, speaking for the court, held to the rule laid down in *Yule* v. *Bishop,* and with him concurred Mr. Justice Harrison; and a rehearing in that case was denied.

In *Waldrip* v. *Black,* 74 Cal. 409, [16 Pac. 226], relied on by appellant, there are expressions used in the opinion which seemingly support appellant, but they must be considered in connection with the facts in the case, or, otherwise, they must be held to give way to the well-considered rule which has withstood all attacks in our supreme court for over forty years, though repeatedly assailed. In *Waldrip* v. *Black* the action was by the surety to foreclose the mortgage given to secure the note of the principal, which the surety paid after maturity and which was thereupon indorsed to him. It does not appear from the opinion what were the grounds for the appeal. No question of the statute of limitations arose, and the rule there stated, that the surety "became the equitable assignee of the note, it being the principal undertaking, and entitled to enforce its payment according to its tenor and effect, as the holder thereof, as well as to foreclose the mortgage, which was the collateral security," might apply upon equitable principles to enable foreclosure by the surety; it might be his only adequate means of reimbursement—as, for example, in case of the insolvency of the maker of the note. However this may be, the case cannot be regarded as in the slightest degree weakening the position taken by the court in those cases where the question was presented as we now have it. *Waldrip* v. *Black* was a case where all the facts of the transaction were set out, and, under our system of pleading, as was said in *Yule* v. *Bishop,* "it can make little difference in the generality of cases whether it be said that an accommodation maker or indorser who has been compelled to meet the obligation of his principal is entitled to sue upon the note, with a recovery limited to the amount which he has expended, with legal interest, or whether it be said that his action is in *assumpsit* for money laid out on behalf of his principal." But in the present case it is of vital consequence to defendant that he have the benefit of the correct

rule of law applied. The case of *Williams* v. *Riehl,* 127 Cal. 365, [78 Am. St. Rep. 60, 59 Pac. 762] , cited by appellant, does not, in our opinion, in any wise weaken the force of the cases previously and subsequently decided by the court.

2. It is further contended that the demurrer should have been overruled because there is a cause of action stated independently of the allegations as to suretyship. The contention is grounded on the allegation that Mrs. Deakin assigned the note to plaintiff, and that plaintiff ever since has been, and is now, the owner and holder thereof, and that the note has not since been paid. It clearly appears that plaintiff had paid the note before it was assigned to him. The note thereupon became *functus officio,* and was not revived by the assignment to plaintiff, who took the note with knowledge of all the facts (*Gordon* v. *Wansey,* 21 Cal. 77) ; by payment to the payee, ''the note became extinct and ceases to be a binding obligation.'' (*James* v. *Yaeger,* 86 Cal. 184, [24 Pac. 1005].) We have not here, as is contended, the statement of two causes of action improperly united, one of which may be good as against the demurrer pleading the statute of limitations only. We have the case where the pleader alleges ownership, but in doing so alleges facts as to how he became such owner which are inseparable from the assertion of ownership. Indeed, in view of the facts stated as to how he became the owner and holder, the latter allegation is rather a conclusion of law than a statement of fact. By his own showing he became the owner and holder of a piece of paper which had ceased any longer to be the existing enforceable obligation of anybody. The complaint is constructed wholly upon the erroneous theory contended for by appellant that he had the same right to sue upon the note precisely as any innocent indorsee for value would have had.

The judgment is affirmed.

McLaughlin, J., and Buckles, J., concurred.