[Civ. No. 417. Third Appellate District.—December 14, 1907.]

M. G. BRAY, Appellant, v. D. S. COHN, Respondent.

PRINCIPAL AND SURETY—PAYMENT OF NOTE BY SURETY—EXTINGUISH-MENT—ASSUMPSIT—STATUTE OF LIMITATIONS.—The payment of a note by a surety extinguishes the obligation of the principal thereon; and the only remedy of the surety is an action of *assumpsit*, based upon the implied obligation of the principal for money expended for his benefit. Such action is barred by the lapse of two years from the payment of the money.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Charles W. Slack, and T. M. McNamara, for Respondent.

HART, J.—A demurrer to the complaint upon the ground that this action was barred by the provisions of section 339, subdivision 1 thereof, of the Code of Civil Procedure, was sustained, without leave to amend, and thereafter judgment entered in favor of respondent. From said judgment this appeal is taken.

On the thirtieth day of January, 1899, the respondent, Cohn, executed and delivered to the Bank of British Columbia, at the city of San Francisco. his promissory note for the sum of $3,000, with interest at the rate of seven per cent per annum, said note being payable one day after date. At the request of Cohn and for the purpose of enabling him to secure said money, and "as part of the same transaction," one Moses Samuel, in writing, promised and agreed with said Bank of British Columbia, "that if said defendant did not pay said promissory note, he (said Samuel) would pay the same." On or about the thirtieth day of January, 1899, Cohn departed from the state of California, and did not return until about the twenty-third day of July, 1901, and defendant, during the period between the said thirtieth day of

January, 1899, and the said twenty-third day of July, 1901, was absent from the state. Shortly after Cohn's departure from the state, the Bank of British Columbia made a demand on Samuel for payment of accrued interest upon the note, which interest was paid by him, and the said Samuel continued, upon the demand of said bank, to pay the interest accruing from time to time on said note until the seventh day of August, 1900, when, written demand having previously been made upon him by the bank for its payment, Samuel paid the principal and the unpaid interest upon said note. Thereupon, the complaint alleges, the bank surrendered and delivered said note to said Moses Samuel. Thereafter Samuel assigned the note to the plaintiff, who filed his complaint, declaring upon said note, on the fifteenth day of June, 1905, a little less than four years after the return of the defendant to the state.

The contention of the appellant is that the payment by his assignor of the note and the surrender and delivery to him of the same by the bank amounted to an assignment thereof, and that, therefore, he was subrogated to all the rights exercisable by the original payee thereunder. Upon this assumption (and if well founded his contention would be true), he claims that he was entitled to institute suit for recovery upon the note at any time within four years from the date of the return of the defendant to this state. In support of this position, appellant relies upon section 2848 of the Civil Code, and insists that section 1473 of said code has no application to sureties.

The respondent, on the other hand, maintains that section 1473 of the Civil Code does govern the rights of sureties in a case like the present one, and that, consequently, the payment of the note by Samuel, who was a surety, extinguished its obligation, and that his only remedy against the principal obligor was by an action upon an implied obligation—that is, in *assumpsit* for money expended for and in behalf of the defendant. The question presented by the demurrer is no longer an open one in this state. Section 2848 of the Civil Code provides that a surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal to the extent of reimbursing what he has expended,

and section 2849 of the same code declares that a "surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, or by a co-surety at the time of entering into the contract of suretyship, or acquired by him afterward," etc. Those sections are construed by the appellant as having the effect of perpetuating the life of the obligation after the debt has been paid, and passes for enforcement to the surety, who has made payment. But our appellate courts have, in some comparatively late cases, given those sections an interpretation which does not harmonize with the views of the appellant. (*Yule* v. *Bishop,* 133 Cal. 578, [65 Pac. 1094].) In that case, in which the point under discussion is elaborately and exhaustively considered, it is said: "In this state, as early as 1862, in the case of *Chipman* v. *Morrill,* 20 Cal. 130, it was decided, in effect, that by the surety's payment the principal obligation was extinguished, and that the action of the surety was upon the *assumpsit* which the law implies where a surety is compelled to advance money for his principal. That there might be no room for controversy, with the enactment of the code the question was laid at rest in this state by the declaration that the full performance of the obligation by any person on behalf of the principal with his assent, if accepted by the creditor, extinguishes the obligation." (Citing Civ. Code, sec. 1473.)

The more recent case of *Crystal* v. *Hutton,* 1 Cal. App. 251, [81 Pac. 1115], reaffirms the rule as declared in *Yule* v. *Bishop,* 133 Cal. 578, [65 Pac. 1094], and cites a large number of California cases to the same effect. In that case the appellate court, speaking through Presiding Justice Chipman, says: "However the question may be regarded elsewhere, we think the rule firmly settled in this state that payment by the surety of the obligation evidenced by a promissory note under the circumstances shown in the complaint extinguishes the obligation, and that the remedy given the surety in such case is upon the implied obligation of the principal debtor to reimburse the surety 'what he has expended.'"

The remedy of the plaintiff being, therefore, upon the implied obligation, it was his duty, in order to have preserved his right of action, to have brought his suit within two years

from the date of the return of the defendant to the state. Having failed to do this, the demurrer was properly sustained upon the ground that his right of action was barred.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.