[L. A. No. 3846. Department Two.—February 13, 1917.]

## O. S. DODDS, Respondent, v. A. SPRING et al., Defendants; A. SPRING, Appellant.

Mortgage—Assumption of Payment by Grantee of Mortgagor.— The promise by the grantee of a mortgagor personally to be answerable for the payment of the mortgage may appear and bind such grantee because of a clause in the deed or by a separate written instrument, which need not be executed with the formalities necessary to a deed, and which, if preceding the execution of the deed, is not so merged in the deed that the omission of the assumption clause from the latter instrument will release the grantee from his prior covenant.

Id.—Payment by Purchaser—Assignment of Mortgage.—If the purchaser of mortgaged premises has assumed payment of the mortgage indebtedness, or has otherwise made himself liable for it, the payment of the debt will extinguish the mortgage, and he cannot take an assignment of it to himself; and a subsequent assignee from him, after maturity, of the indebtedness takes subject to all existing defenses.

Id.—Performance—Extinction of Obligation.—The full performance of an obligation by anyone for the principal with his assent, if accepted by the creditor, extinguishes the obligation.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Rupert B. Turnbull, for Appellant.

Ralph E. Swing, for Respondent.

MELVIN, J.—Plaintiff sued to foreclose a mortgage made by G. O. Trauzettel and his wife, Georgia A. Trauzettel. The date of the said mortgage was December 1, 1908, and it was intended, as the court found, to cover principal and interest representing two loans evidenced by promissory notes, one dated December 1, 1908, for the principal sum of one thousand five hundred dollars due three years thereafter, and the other for one thousand one hundred and sixty dollars, bearing date April 1, 1909, due two years later. By the terms of the mortgage it apparently covered the west half of section 19, township 2 south, range 1 west, S. B. B. & M., in Riverside County, and was recorded April 8, 1909. The complaint in this action was filed June 30, 1911, and a *lis pendens* was placed of record on that day. Judgment was given in favor of O. S. Dodds, the plaintiff, and this appeal is by A. Spring, one of the defendants, who claimed rights in the property superior to those of the plaintiff.

It appeared from the findings of the court that G. O. Trauzettel acquired title to the north half of said section 19 prior to August 20, 1908, and remained such owner until October 10, 1910. On December 10, 1910, he parted with his interest in the north half of said section together with other property by a grant deed to William A. Kjellman, one of the defendants in this action.

Prior to the making of the notes and the mortgage in favor of Dodds, the Trauzettels had borrowed from John Galli three thousand dollars, evidenced by a note, payable in three years, bearing date August 20, 1908, secured by a trust deed in which L. W. Clark was named as trustee. On the same day, August 20, 1908, the Trauzettels had borrowed one thousand dollars from Mary Holmes Wilson, evidenced by a note payable in three years and supported by a mortgage of even date. The trust deed and the mortgage were recorded, the former having priority. Both the mortgage and the trust deed were upon the north half of said section 19 and the date of their recordation was August 25, 1908.

Subsequently William A. Kjellman and G. O. Trauzettel entered into correspondence looking to the exchange of the latter's property in California for the former's land in Texas. There was an escrow agreement in writing whereby William A. Kjellman assumed and agreed to pay encumbrances aggregating $8,920 upon the property in Riverside County and other land. The transaction involving the exchange of the lands in Texas for those in California 'was consummated, and on December 12, 1910, a deed bearing date October 10, 1910, was placed of record. The deed recited that the property conveyed (which was the north half and the southeast quarter of section 19) was subject to the note for three thousand dollars and the trust deed in favor of Galli, the note for one thousand dollars and the mortgage to Mary Holmes Wilson. It also specified liens of a mortgage dated September 16, 1908, to secure the payment of a note of $1,120 in favor of O. S. Dodds, and another dated December 1, 1908, to secure a note of one thousand five hundred dollars, also in favor of the plaintiff. The plaintiff did not seek to foreclose the mortgage dated September 16, 1908, but as shown by the testimony and found by the court, the note for $1,120 was merged into and paid by the later note for one thousand five hundred dollars.

The court also found that when the mortgages to plaintiff were made the Trauzettels owned only the *north half* of section 19 and that their intention was to mortgage that part of the section. By an amendment to his pleadings plaintiff had asked for a reformation of the contract in that particular and by the judgment it was reformed as prayed.

Further findings were to the effect that William Kjellman paid to Galli and Wilson the sums due them and thereby satisfied their claims; that after the filing of the *lis pendens* in this case O. J. Kjellman executed and delivered to A. Spring her note for three thousand dollars, secured by a mortgage on the northeast quarter of section 19; that at that time Spring had no notice of the fact that plaintiff's mortgage was intended to cover the north half of said section; that on November 21, 1912, William A. Kjellman delivered the Galli note and the accompanying trust deed and the Wilson note to defendant A. Spring, and assigned the Wilson mortgage to said Spring; and that both said notes were then past due; that they had been fully paid and extinguished and together

with the mortgage and the deed of trust had ceased to be of any force.

Regarding a purported sale to Spring on December 11, 1912, by L. W. Clark under and pursuant to the Galli trust deed of the north half of section 19, it was held that the trustee had no authority to make it.

Among the conclusions of law was one to the effect that Spring's mortgage was prior to that of plaintiff on the northeast quarter of section 19.

Appellant insists that since the record title was in O. J. Kjellman when the Galli and Wilson notes were transferred to him by William A. Kjellman, and since the deed from the Trauzettels merely recited that the property was "subject to" the Dodds mortgage, he had no notice of William A. Kjellman's assumption of personal liability, and was therefore a purchaser in good faith of the Galli and Wilson notes and liens in the hands, not of the mortgagee, but of a third party.

It is true that William A. Kjellman divested himself of title by a deed to O. J. Kjellman on January 5, 1911. The appellant insists that the purchase by William A. Kjellman of the Galli and Wilson encumbrances after he had parted with the title to the land did not work a merger. He admits that as between Mr. Kjellman and the Trauzettels an estoppel may apply, but insists that he had no notice (and could have none) of the personal assumption of the mortgage debt by William A. Kjellman in and by the terms of the unrecorded escrow agreement. But the mere fact that the deed to Kjellman from the Trauzettels did not recite his personal liability would not relieve him from an assumption of such burden nor prevent equities against him from being asserted against one who purchased notes after maturity and took assignments of the mortgage and the trust deed supporting said notes. The promise by the mortgagor's grantee personally to be answerable for the payment of the mortgage may appear and bind such grantee because of a clause in the deed or by a separate written instrument which need not be executed with the formalities necessary to a deed and which, if preceding the execution of the deed of conveyance, is not so merged in the deed that the omission of the assumption clause from the latter instrument will release the vendee from his prior covenant. Indeed, the agreement may rest wholly in parol, and

in such case is not within the statute of frauds. (27 Cyc. 1344"d"; Jones on Mortgages, sec. 748; *Hopkins* v. *Warner,* 109 Cal. 133, [41 Pac. 868].) When appellant received assignments of the Galli and Wilson interests the notes were more than a year past due. He knew that his transferrer had once owned the property subject to the mortgages, yet, as he testified, he made no inquiry of the mortgagor respecting any personal assumption of the debt by Mr. Kjellman. If the purchaser of an equity of redemption has assumed payment of the debt or has otherwise made himself personally liable for it, the payment of the debt will extinguish the mortgage, and he cannot take an assignment of it to himself. (27 Cyc. 1331.) Section 1473 of the Civil Code provides that: "Full performance of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assent, if accepted by the creditor, extinguishes it."

In the early case of *Gordon* v. *Wansey,* 21 Cal. 77, the facts were as follows: Certain negotiable promissory notes were assigned before maturity to one of the makers and by him after maturity to the plaintiff. It was held that the transaction amounted to payment and that the notes became *functus officio* and were not revived by the assignment to the plaintiff. In *Yule* v. *Bishop,* 133 Cal. 574, [62 Pac. 68, 65 Pac. 1094], the same principle is announced. The full performance of an obligation by anyone for the principal with his assent, if accepted by the creditor, extinguishes the obligation. (See, also, *Crystal* v. *Hutton,* 1 Cal. App. 251–256, [81 Pac. 1115]; *Bray* v. *Cohn,* 7 Cal. App. 124, [93 Pac. 893].)

The appellant therefore took the note long past due subject to all existing defenses. (*Elgin* v. *Hill,* 27 Cal. 373–375; *James* v. *Yaeger,* 86 Cal. 184–188, [24 Pac. 1005]; *Adams* v. *Hopkins,* 144 Cal. 19–34, [77 Pac. 712].)

No further assignments of error require discussion.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.