[Civ. No. 7471. Second Appellate District, Division One.—January 19, 1933.]

PAUL V. HEWITT, Respondent, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, as Administrator, etc., Appellant.

W. Claire Anspach for Appellant.

R. E. Wallace for Respondent.

CONREY, P. J.—The present controversy arose out of an exchange of property between the plaintiff Hewitt and one W. S. Everett. After the transaction had been completed, Everett died and an administrator of his estate was duly appointed. A creditor's claim was presented by Hewitt and rejected by the administrator. Hewitt then brought this action to enforce his said claim. From a judgment entered in favor of the plaintiff, the defendant administrator has presented this appeal.

The contract under which the exchange of properties occurred was in the form of written "escrow instructions" delivered by Everett to the escrow-holder, together with corresponding escrow instructions of same date signed by plaintiff Hewitt and his wife, and delivered to same escrow-holder. The instructions of each party were accompanied by certain described documents, to be delivered to the other party on performance of the concurrent conditions prescribed in the several instructions. These escrow instructions were dated September 13, 1927, and in due course the transaction was completed and closed. Among the documents delivered to Hewitt, as part of the consideration for the property conveyed by him, there were three promissory notes of Magnetic Ice Co., a corporation, payable to the order of W. S. Everett, on which there remained unpaid and due the total sum of $2,700, besides interest. Said notes were accepted by plaintiff in his contract with Everett as of the value of $2,700. In the verified claim presented to the administrator by the claimant, as well as in the complaint, it is set forth that the notes were by Everett indorsed "without recourse". But it was stated in the claim as presented, and is alleged in the complaint that at the time of the indorsement, assignment and delivery of said notes Everett represented and warranted to the claimant Hewitt that the maker of said notes, the Magnetic Ice Co., was solvent and able to pay its obligations as they accrued; whereas in fact, at the time of such indorsement, assignment and delivery the said Magnetic Ice Co. was insolvent and that fact was known to the said Everett; that no part of said sum of $2,700, either principal or interest, has been paid, etc. In the complaint in this action it is further alleged that at the time of said indorsement and

delivery of notes to the plaintiff said Magnetic Ice Co. was, and at all times since has been, insolvent and unable to pay its obligations, or any of them, and that such fact was well known to Everett and unknown to the plaintiff; that said Everett knowingly and intentionally concealed from the plaintiff the fact of insolvency of Magnetic Ice Co., and withheld said fact for the purpose of inducing the plaintiff, etc.; that the plaintiff believed and relied upon said statements and representations, and so believing and relying entered into said agreement to accept said promissory notes as part of the purchase price of the real property conveyed by him; that by reason of said insolvency the plaintiff has been unable to collect said notes, or any part thereof, and has been damaged in the amount stated.

The trial court found in favor of the plaintiff upon the issues raised by the complaint and answer, relating to the said alleged facts. Section 1774 of the Civil Code, as it existed at the time when the above stated transaction took place between the plaintiff and Everett, reads as follows: "One who sells or agrees to sell an instrument purporting to bind any one to the performance of an act, thereby warrants that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto, where that is material, the extinction of its obligations, or its invalidity for any cause." It is contended by appellant that said section of the code only applies to transfer of paper in due course and to an innocent taker. (Citing *James* v. *Yaeger*, 86 Cal. 184, 189 [24 Pac. 1005].) We have not been able to find any subsequent reference to that statement in any California decision, and we are inclined to question the correctness of it. The section was contained in the code title on sales, and not in the title on negotiable instruments. The section was broad in its terms, and plainly included instruments other than those which are negotiable. While the notes in this present action were negotiable in form, they were past due at the time of their sale and transfer to the plaintiff. This is not an action to enforce the liability of Everett as an indorser. It is an action to recover upon a claim for damages on account of the detriment suffered by plaintiff by reason of the fact that, relying upon statements and representations of Everett, he accepted said notes as part of the consideration for a

transfer of property; whereas, in fact, said representations were untrue, and the notes instead of being worth their face value were worth nothing.

■ Appellant contends that the evidence is insufficient to show that Everett had knowledge of any fact which would have rendered the notes valueless. Unfortunately we have not the benefit of any brief on behalf of respondent to assist us in examining the record. However, we do find from the testimony of the witnesses evidence sufficient to warrant the court in finding that Everett had knowledge of facts which tended to prove that the maker of the note was insolvent, and that he did not reveal those facts to the plaintiff. Even if Everett did not directly state and represent to the plaintiff that the corporation was solvent, or able to pay its obligations as they accrued, the evidence is sufficient to have warranted the trial court in coming to the conclusion that the corporation was in fact insolvent, and that Everett had withheld from plaintiff his knowledge of the facts concerning said insolvency. This is sufficient to make Everett liable for such loss as resulted to the plaintiff. (*Carter* v. *Turner*, 90 Cal. App. 193, 198 [265 Pac. 870]; *Spiegelman* v. *Eastman*, 95 Cal. App. 205, 213 [272 Pac. 761].)

The judgment is affirmed.

Houser, J., and York, J., concurred.