## GORDON *v.* WANSEY.

AN assignment of a joint and several negotiable promissory note by the payee to one of the makers before its maturity amounts to payment, and the right of action against the makers is not revived by a subsequent assignment to a third person after maturity.    If the subsequent assignment were made before maturity to an innocent person, a right of action would exist in his favor against the makers.

H. and three others executed to different persons negotiable promissory notes. Before the maturity of the notes the payees, for a valuable consideration, assigned them to H.    After maturity H., for a valuable consideration, assigned them to plaintiff.    In an action by plaintiff upon the notes against all the makers:  *Held,* that the assignment to H. amounted to payment, and that, plaintiff having received the notes after their maturity, the defense was available against him.

Whether plaintiff might maintain an action against his immediate assignor, not decided.

APPEAL from the Seventeenth Judicial District.

The complaint sets forth seven joint and several promissory notes, each signed by Wansey, Shanter, Weiss & Howell, payable (except the first) sixty days after date, to different payees, or order, dated on different days in 1859, and avers that each of the notes was, on the same day on which it was executed, assigned, for a valuable consideration, by the payee to Howell—one of the makers—and in 1861, for a valuable consideration, by Howell to the plaintiff, and judgment is prayed for the amount of the notes against all the makers.

The answer sets up actual payment in full of the first note, and claims that the other six were paid by the assignment to Howell.

The original answer further sets up in defense, that the four

makers were mining partners, and that, after the assignment to Howell, and before his assignment to plaintiff, Howell became indebted to the mining partnership in an amount greater than that due upon the notes; but this defense was, on motion of plaintiff, stricken out by the Court.

Plaintiff admitted payment of the first note, and as to the other six, the case was submitted on the pleadings and judgment rendered thereon for plaintiff for their full amount. From this judgment defendants appeal.

*McConnell & Garber,* for Appellant.

We submit, as one of the best established principles of the law-merchant, that where a negotiable note is paid by one of the makers it becomes *functus officio* satisfied and extinguished, and is no longer negotiable, and that the indorsement or assignment, after maturity, of the note so paid by one or more of the makers paying it can give no right of action to such indorsee or assignee, except as against such indorser or assignor.

And further, that the effect of this rule cannot be evaded by any change in the mere form in which the payment is made; that an indorsement or assignment of the note so paid by the payee or holder to one of the makers cannot serve to keep the note itself alive so as to confer any right of action in favor of the party making the payment or purchase of the note, or his indorsee or assignee as against his copromisors; that a payment by one of several makers is a payment by and for all; and an averment of an indorsement or assignment to one or more of the makers is substantially an averment of such payment as extinguishes and satisfies the note and the debt. (Story on Prom. Notes, secs. 180, 381–384; *Burridge* v. *Manners,* 3 Camp. 194; 1 Parsons on Cont. 214; Ross on Bills, 274; *Cullon* v. *Lawrence,* 3 M. & S. 97; *Beck* v. *Robley,* 1 Lord Mansfield; *Heald* v. *Davis,* 11 Cush. 318; *Long* v. *Bank of Cynthiana,* 1 Litt. [Ky.] 291; *Lansing* v. *Gaines,* 2 Johns. 303; *Pray* v. *Maine,* 7 Cush. 253; *Wallace* v. *Branch Bank,* 1 Ala. 365; *Stevens* v. *West,* 1 How. [Miss.] 308; *Weatherd* v. *Smith,* 9 Tex. 622; *Cox* v. *Hodge,* 7 Black. 146; *Cochrane* v. *Wheeler,* 7 N. H. 202; *Hodman* v. *Rogers,* 6 Tex. 91; *Dana* v. *Conant,*

3 Vt. [1 Shaw] 246 ; *Tucker* v. *Peas Co.*, 36 N. H. 167 ; *Hopkins* v. *Farwell*, 32 Id. 425 ; Story's Eq. Jur. sec. 499 ; 2 Parsons on Cont. 358.)

*Hereford & Williams*, for Respondent.

"A negotiable note taken by the holder after its maturity is taken subject to all subsisting equities between the maker and payee, but not such as subsisted between the maker and any intermediate holder." (*Vinton* v. *Crow*, 4 Cal. 309.)

" The right of set-off against a note or bond does not exist for demands subsisting against intermediate assignees through whose hands such note or bond may have passed by blank indorsements or otherwise." (Barbour on Set-off, 1st ed. 114 ; *Stocking* v. *Snilman*, 3 Stewart & Porter, 35.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action upon seven promissory notes of which the plaintiff claims to be the holder by assignment. Six of these notes, payable to different parties, were assigned to one of the makers, and by him to the plaintiff. The first assignment was before and the second after maturity, and the question arises as to the effect of these assignments.

It is contended that the first assignment extinguished the notes, and that the subsequent transfer vested no right of action in the holder. The notes are payable to order and, of course, are negotiable ; but the complaint merely alleges that for a valuable consideration they were assigned, etc. Authorities are cited to show that a transfer of this character vests in the holder such rights only as he would acquire upon an assignment of a note not negotiable. This point is made with reference to certain matters relied upon as counter claims, and is not important if it be held that the notes were extinguished by the first assignment. We are of opinion that the transaction amounted to payment, and that the notes became *functus officio*, and were not revived by the assignment to the plaintiff. If the rights of the plaintiff had attached before maturity, and his position were that of an innocent holder, he would be entitled to

protection, but under the circumstances the action cannot be maintained. It is clear that the notes could not have been enforced by his assignor, and having taken them with a knowledge of that fact, they are equally unavailable in his hands. What his rights are in respect to contribution it is unnecessary to decide ; the action is based upon the notes, and in rejecting them it cannot bc sustained. It is possible that the plaintiff may recover upon the notes as against the assignor, but however this may be, the present judgment is erroneous.

Judgment reversed and cause remanded.