[L. A. No. 8525.  In Bank.—March 18, 1927.]

# C. SHERIDAN BAILES, Appellant, v. J. L. KECK et al., Respondents.

[1] PROMISSORY NOTES—TRANSFER TO COMAKER—EXTINGUISHMENT OF OBLIGATION.—Indorsement and delivery of promissory notes for a valuable consideration, by the payee, to a comaker of the notes extinguishes the obligations upon them.

[2] ID.—ACTION ON NOTES—DEMURRER—NOTICE.—In an action based solely upon the obligation evidenced by promissory notes, which were assigned by the payee, for a valuable consideration, to two of three comakers of the notes, who in turn assigned them to the plaintiff in the action, in which action no attempt was made to state a cause of action in *assumpsit* upon an implied promise of the makers for a contribution, or upon any theory upon which relief could have been granted, a demurrer to the complaint was properly sustained, as the notes and indorsements gave actual notice to the assignee that they were assigned by the comakers for a valuable consideration.

[3] ID.—PLEADING—CONCLUSIONS OF LAW.—In such an action allegations in an amended complaint that the notes were acquired by the comakers for the sole purpose of transferring the same to plaintiff and that neither of said comakers became the holders of said notes in his own right, that said notes were not at the time of the transfer thereof by the payee to the comakers paid, that neither of the comakers was released from the obligations upon said notes at any time by the payee, and that each of them is liable thereon as a maker of said notes and that plaintiff is the owner and holder thereof for the purpose of collection, are legal conclusions which cannot be permitted to supply essential allegations of fact.

[4] ID.—MOTION TO SET ASIDE DISMISSAL—LACK OF ABUSE OF DISCRETION.—In this action on promissory notes it is held that there is no showing of abuse of discretion by the trial court in refusing to set aside an order of dismissal of the action and for leave to amend the complaint.

(1) 8 C. J., p. 342, n. 70, 73.   (2) 8 C. J., p. 512, n. 4.   (3) 31 Cyc., p. 50, n. 69, p. 51, n. 70, p. 52, n. 74.   (4) 18 C. J., p. 1209, n. 53, 55; 31 Cyc., p. 357, n. 98, 99, p. 358, n. 2, 3.

1.  See 19 Cal. Jur. 920–922.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine and F. C. Collier, Judges. Affirmed.

The facts are stated in the opinion of the court.

Louis N. Whealton for Appellant.

Hill & Morgan and Kenneth K. Wright for Respondent.

SEAWELL, J.—This appeal is taken from a judgment dismissing the action upon an order made sustaining a demurrer to the complaint interposed by defendant Keck with leave to amend, and also from an order denying plaintiff's motion to vacate said order dismissing the action. Defendants Gillespie and Brittain made no appearance. It appears from the judgment that the demurrer was sustained on or about July 10, 1924, with leave to amend said complaint within ten days after service of notice of the court's ruling upon plaintiff's counsel. Notice was accordingly served upon said counsel for plaintiff, who, for a period of more than ten days thereafter, failed, refused, and neglected to amend said complaint. A judgment of dismissal of the action was accordingly made and entered. The facts relied upon as being sufficient to support plaintiff's demand are pleaded as two separate and distinct causes of action. The first alleges that on or about January 23, 1923, at Long Beach, California, for a valuable consideration, defendants J. L. Keck, L. J. Gillespie, and F. E. Brittain executed and delivered to Farmers and Merchants Bank, a corporation, located at Long Beach, California, their joint and several promissory note. Omitting therefrom the provisions for the payment of an attorney's fee and the acknowledgment by defendants of a pledge of undescribed property with said bank as collateral security for the payment of said note, with full authority given to said bank to collect and sell said securities in order to protect itself against depreciation of the value of the same, it is as follows:

"$20,000.00.　　　　　　Long Beach, Cal., January 23, 1923.

"Sixty days after date, for value received, we, or either of us, promise to pay Farmers and Merchants Bank of Long Beach, Cal., or order, at said bank in Long Beach, the sum

of twenty thousand and no/100 dollars with interest at the rate of eight per cent per annum from date until paid, to be compounded quarterly and bear the same rate of interest as the principal; and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable, and may be charged to the account in said bank of either the principal maker, or sureties on said note, at the option of the holder of this note. . . . Principal and interest payable in gold coin of the United States.''

The order in which the note was signed and the indorsements made thereon follows:

"Due ......................J. ·L. Keck.
"No 18782                    L. J. Gillespie.
"Address ...................F. E. Brittain.·
"$4.00 revenue stamps attached.''

[Indorsement of payments of interest omitted.]

"Indorsement:

"Pay to the order of L. J. Gillespie and F. E. Brittain without recourse.

"FARMERS AND MERCHANTS BANK OF LONG BEACH.
"By C. J. WALKER,
"President.''

It is next alleged that prior to the filing of the complaint said Farmers and Merchants Bank indorsed said promissory note without recourse to the order of the defendants L. J. Gillespie, and F. E. Brittain, as set forth in the preceding paragraph, and for a valuable consideration delivered said promissory note to said Gillespie and Brittain and thereafter and prior to the filing of the complaint they, and each of them, for a valuable consideration, indorsed and delivered said promissory note to plaintiff, Bailes, who is the owner and holder thereof. It is alleged that there has been paid upon said principal sum of $20,000 the sum of $15,000, leaving the sum of $5,000 due, owing, and unpaid from defendants on account of principal, together with interest thereon and the sum of $500 as a reasonable sum as attorney's fees. A demand made upon each of said defendants for payment of said sums is also alleged.

The second cause of action is based upon a joint and several sixty-day promissory note, bearing date February 28, 1923, in the sum of $7,500, made, executed, and de-

livered to said Farmers and Merchants Bank of Long Beach by the defendants, makers of the promissory note set forth in the first cause of action. The two notes sued upon are identical in form and substance except as to minor and unimportant details. The methods of assignment and the assignees in both causes are identical. Allegations similar in legal effect are set forth in each cause of action. There was paid on account of principal on the $7,500 note, $3,500, leaving due and unpaid on account of the principal, $4,000. A general demurrer was interposed by defendant Keck to both causes of action upon the ground that neither stated a cause of action. The other defendants did not join him in the demurrer or appear in any way. Judgment on the order sustaining the demurrer, upon the failure, refusal and neglect of the plaintiff to amend his complaint, was filed November 21, 1924. The judgment recites as a fact the sustaining of the demurrer on or about July 10, 1924.

Plaintiff's attorney, on July 31, 1924, in a paper properly entitled and filed, directed the county clerk to "enter the dismissal of the above entitled action as to all defendants." On October 11th plaintiff gave notice that on October 17th he would move the court for an order vacating the dismissal of the action and for permission to file an amended complaint and for general relief, the motion to be based upon the affidavit of defendant F. E. Brittain and the accompanying amended complaint. No appeal was taken from the order sustaining the demurrer. The dates of the indorsements of said notes by the bank to Gillespie and Brittain are omitted from the complaint. All that is alleged is that "prior to the filing of the complaint herein" said notes were indorsed to Gillespie and Brittain. This was long after the notes had matured. From an inspection of the indorsements and allegations of the complaint the inference is irresistible that the notes were indorsed or assigned long after maturity.

[1] There can be no doubt that the obligations evidenced by the two promissory notes, as shown upon the face of the complaint, became extinguished by the indorsement and delivery of the same, for a valuable consideration, by the payee, Farmers and Merchants Bank, to Keck's comakers, Gillespie and Brittain. (*Gordon v. Wansey,* 21 Cal. 77; *James v. Yaeger,* 86 Cal. 184 [24 Pac. 1005]; *Yule v. Bishop,* 133

Cal. 574 [62 Pac. 68, 65 Pac. 1094]; *Dodds* v. *Spring,* 174
Cal. 412 [163 Pac. 351]; 19 Cal. Jur. 920–922; 8 C. J. 342.)
*Gordon* v. *Wansey, supra,* early declared the law of this
state to be that the payment of the obligation by one of the
comakers or sureties of a joint and several note and the
surrender of the same to such comaker or surety extinguishes
the obligation so far as the note is concerned.   The doctrine
laid down in that case has since been followed consistently
by this court and seems to be firmly established as the law.
There, for a valuable consideration, the payee assigned
several promissory notes to one of the joint and several co-
makers.   The latter, in turn, assigned said notes to Gordon,
the plaintiff in said action, who brought suit upon them
against Wansey, a comaker with Gordon's assignor.   This
court held upon the appeal that the transaction amounted
to payment and the notes became *functus officio* and were
not revived by the assignment to the plaintiff.   It is said
that if the rights of the plaintiff had attached before ma-
turity and his position been that of an innocent holder, he
would be entitled to protection, but, under the circumstances
of that case, the action was not maintainable.   The court
said that it was clear that the notes could not have been
enforced by plaintiff's assignor and having taken them with
a knowledge of that fact (as in the instant case) they were
equally unavailable in the hands of plaintiff.   What the
rights of plaintiff might be in an action for contribution,
the court observed, it was unnecessary to decide, inasmuch
as the action was based on the *notes.*   Again, in *James* v.
*Yaeger, supra,* the court, addressing itself to the same prin-
ciple of law announced in *Gordon* v. *Wansey,* said:

"It is contended by the appellant that the findings of the
court do not sustain the judgment.   In this contention we
fully agree with counsel for appellant.   By the payment to
the payee the note became extinct, and ceased to be a bind-
ing obligation.   (Code Civ. Proc., sec. 1473; *Wright* v. *Mix,*
76 Cal. 465 [18 Pac. 645].)   And a purchaser of the note
after maturity—or in this instance, the note being non-
negotiable, whether the purchase was before or after ma-
turity—took it subject to the defense of payment.   (*Elgin*
v. *Hill,* 27 Cal. 373.)   Having been paid, it became *functus
officio,* and no action could be maintained upon it.   (*Gordon*
v. *Wansey,* 21 Cal. 79.)   If the respondent had been an

innocent purchaser, it would have been different. But here, not only was the note non-negotiable and the purchase by the respondent after maturity, but his purchase was from one of the makers of the note. This was sufficient to put him upon inquiry. But it must be presumed, in this case, that the respondent took the note with full knowledge of all the facts.''

There is nothing in the cases cited by appellant which tends to shake the doctrine announced in the above cited cases, which is unquestionably applicable to the instant case. The case of *Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 Pac. 641], cited by appellant, is not an authority announcing a doctrine contrary to that adopted by the cases heretofore cited, but, in reality, is a reaffirmation of the principle announced by this court since its earliest consideration of the question. *Enscoe* v. *Fletcher*, 1 Cal. App. 659 [82 Pac. 1075], cited by appellant as an authority here, is clearly distinguishable from *Gordon* v. *Wansey* and the line of cases in harmony with it. In *Enscoe* v. *Fletcher* certain notes were distributed to one of the joint makers as an heir at law of the payee upon the latter's death. It was held that if the obligation was extinguished it was solely by operation of law brought about by the death of the payee and the distribution of his estate, including the notes, to his heir, who was a joint maker of said notes. The court held that the notes were not and did not purport to be paid in full. Indeed, there was no voluntary assignment or surrender of the notes by the payee to anyone. The payee died, leaving the notes as a part of his estate. That case cannot be accepted as authority for changing the well-recognized rule of law.

[2] The court properly sustained the demurrer as the notes and indorsements gave actual notice to the assignee that they were assigned by the two comakers, Gillespie and Brittain, for a valuable consideration. The cause of action was bottomed solely upon the obligations evidenced by said notes. No attempt was made to state a cause of action in *assumpsit* upon an implied promise of the makers for a contribution, or upon an theory upon which relief could have been granted. The demurrer was sustained after argument and plaintiff either refused or failed to amend the complaint within the time allowed by the court. About two

months thereafter plaintiff noticed a motion for an order setting aside the order sustaining the demurrer and for leave to file a proposed amended complaint, which was in all respects identical with the original complaint except that the allegation set forth in subdivision 2, paragraph 1, of the original complaint, whereby it was alleged that upon the indorsement and delivery of said notes to plaintiff for a valuable consideration plaintiff became and had ever since been and still was the owner and holder of said notes, was omitted from the proposed amended complaint. [3] In this connection and in contradiction of the preceding allegations of the proposed amended complaint and the whole of the original complaint, it was alleged that said notes were acquired by Gillespie and Brittain for the sole purpose of transferring the same to plaintiff and that neither Gillespie nor Brittain became the holder of said notes in his own right; that said notes were not, at the time of the transfer thereof by said Farmers and Merchants Bank to Gillespie and Brittain, paid, nor have said notes at any time since said transfer by said bank been paid and neither Gillespie nor Brittain was released from the obligations upon said notes at any time by said bank and that each of them is liable thereon as a maker of said notes and "plaintiff ever since has been and still is the owner and holder thereof for the purpose of collection." The allegations by which plaintiff seeks to avoid the rule of law as to the extinguishment of obligations by the acts of comakers of a note and to hold Keck liable on the obligations which he jointly executed to the bank are nothing more than conclusions of law which cannot be permitted to supply essential allegations of fact. The allegation as to whether the bank payee was actually paid a valuable consideration for said notes by Gillespie and Brittain, as previously alleged, is equivocal and evasive. There is no positive or direct allegation in the proposed amended pleading to the effect that the obligation owing to said bank upon said notes was not in fact and truth paid and discharged before the bank surrendered its evidence of debt to said comakers of the notes. Prior allegations therein aver that the notes were indorsed by said bank and delivered to the makers Gillespie and Brittain for a valuable consideration and thereafter assigned to plaintiff for a valuable consideration. Eliminating inconsistent and contradictory averments and the failure of a positive allegation as to the

extinguishment of the obligations by payment from a consideration of the question, any other theory than that the obligation to the bank payee was discharged is highly improbable.

[4] In support of the motion to set aside the order dismissing the action plaintiff produced an affidavit of defendant Brittain, who averred that at the time of the making of the notes he was a cotrustee with defendant Keck of one or more of the Keck syndicates; that said notes were given to procure a loan of moneys to be used for the benefit of said syndicates and not for the benefit of deponent or of said Keck or any one of the trustees of said syndicates; that when said notes became due deponent caused a demand to be made upon said Keck for a payment of his proportion thereof and that said Keck refused to pay any portion thereof; that said Keck syndicates, of which deponent and Keck were trustees, were, on June 12, 1924, the date on which the complaint was filed, indebted to plaintiff, C. Sheridan Bailes, in the sum of approximately $15,000; that deponent, before filing the complaint herein, entered into an agreement with plaintiff "to cause said promissory note to be transferred to plaintiff in order that he might collect the same and in consideration thereof plaintiff agreed to credit upon his claim against said Keck syndicates any moneys received by plaintiff as the proceeds of said note"; that after the filing of the complaint deponent (Brittain), pursuant to an agreement made with counsel for plaintiff and counsel for deponent Brittain, caused a dismissal of the action to be executed and delivered to Keck's counsel; that the condition under which said dismissal was delivered was that Keck would contribute at least the sum of $3,000, or his pro rata share, toward the payment of certain indebtedness of said syndicates; that said payment was to be made out of a certain escrow then pending in Security Trust and Savings Bank, city of Los Angeles, and upon payment of said sum the attachment issued in the action would be dismissed without any claims or further demands upon either party by reason of the action or at all; that upon receiving said dismissal of the action Keck caused the same to be filed on August 11, 1924, and he thereafter refused to contribute anything toward the payment of said indebtedness of $9,000 out of said escrow or at all and refused to keep and perform the terms and conditions under

which said dismissal was delivered and had deponent (Brittain) known or believed that Keck would not have kept his agreement to pay said sum of $3,000 he would not have executed or delivered said dismissal authorization to him.

We fail to find anything in the affidavit used in the motion to set aside the order of dismissal that helps the pleading or tends to excuse plaintiff's refusal to amend the pleading within the time allowed by law. The demurrer seems to have been sustained at least a month before the transaction related by deponent took place and the time in which to amend had expired. The order of dismissal, so far as we can see, had nothing whatever to do with the legal question as to the sufficiency of the complaint.

The matters set up in the affidavit seem to be in conformity with Keck's claim that Brittain had not parted with his interest in the notes and that the action, so far as the complaint shows, should have been one in contribution, rather than upon the notes. Keck filed a counter-affidavit setting up the trusteeship of himself, Brittain, Gillespie, and another of the Keck syndicates in which Brittain seemed to have had the greatest interest. Keck's affidavit avers the relationship of all the parties named in a rather complicated business proposition involving the development of oil lands and the mutual agreements entered into and breaches thereof committed by Brittain. From the recitals in the affidavits it would seem that the relations and rights of the parties therein are too complex to be determined in a simple action upon a promissory note. We do not deem it necessary to go into details as to the rights of the parties, as we have concluded that the averments and counter-averments do not present a sufficient reason to warrant us in holding that the trial court abused its discretion by refusing to set aside the order of dismissal after demurrer sustained. The court granted leave to amend in the first instance. Plaintiff declined the offer. No question of excusable neglect could, therefore, be raised. The proposed amended complaint is framed upon the same theory as the original complaint, except in the few particulars above pointed out. The judgment and orders appealed from are affirmed.

Richards, J., Preston, J., Curtis, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.