[Civ. No. 11011.   First Appellate District, Division Two.—April 1, 1939.]

BERNICE PECK MILES, Appellant, v. R. M. TREZEVANT et al., Respondents.

William Ellis Lady for Appellant.

R. M. Trezevant, *in pro. per.*, and Edward L. Conroy for Respondents.

SPENCE, J.—Plaintiff, the former wife of defendant Charles Kenneth Miles, brought this action to quiet title to certain real property and for an injunction. Plaintiff appeals from a judgment in favor of defendants.

In 1932, defendant Charles Kenneth Miles executed a promissory note in favor of defendant C. S. Miles, his father, for the sum of $7,000, together with a deed of trust to secure said note covering the real property in question. Said deed of trust was subordinate to a first mortgage on said real property. In 1932, said C. S. Miles, at the request of his said son, indorsed said note "without recourse" and delivered it, together with the deed of trust, to his son, who in turn delivered said instruments to defendant R. M. Trezevant in payment of legal services performed and to be performed by the latter for defendant Charles Kenneth Miles. Plaintiff and defendant Charles Kenneth Miles had been divorced and the legal title to said real property had become vested in plaintiff pursuant to a sale thereof on execution to satisfy the obligation of said defendant for support as provided in the divorce decree.

This action was brought against the defendant R. M. Trezevant, as holder of said note and deed of trust, and also against other defendants. The first count was in the ordinary form of an action to quiet title. The second count set forth the facts as alleged by plaintiff, who claimed that by reason of said facts, the obligation of defendant Charles Kenneth Miles upon said note had become wholly released and discharged. Plaintiff therefore sought to enjoin the sale under said deed of trust. Defendant R. M. Trezevant and defendant Charles Kenneth Miles answered, denying all the material allegations of the complaint and alleging certain facts regarding the transaction by which said

note and deed of trust had been delivered to the latter by his father and in turn delivered to defendant R. M. Trezevant. The answer of the defendant bank, which was the trustee under the deed of trust, was in the form of a general denial. Defendants C. S. Miles and his wife filed a disclaimer.

The trial court found in effect that the note and deed of trust had been delivered by defendant C. S. Miles to defendant Charles Kenneth Miles, as the agent of defendant C. S. Miles, with instructions to deliver the same to defendant R. M. Trezevant in payment for the above-mentioned legal services and that defendant Charles Kenneth Miles did so deliver said instruments to said defendant R. M. Trezevant as agent for defendant C. S. Miles; that said instruments were delivered to defendant Charles Kenneth Miles solely for the purpose last mentioned; that said delivery to defendant Charles Kenneth Miles was without consideration from said defendant Charles Kenneth Miles but that the delivery to defendant R. M. Trezevant was for a valid consideration; that said note was valid and that said obligation had not been extinguished or satisfied by reason of the transaction above mentioned or otherwise. The trial court further found that plaintiff was the owner of said real property, subject, however, to said deed of trust. Judgment was entered accordingly decreeing that the note, secured by said deed of trust, was a valid and subsisting obligation and denying to plaintiff the relief asked.

Appellant contends that the evidence was insufficient to sustain the findings and judgment, but we find no merit in this contention. The testimony of respondent Charles Kenneth Miles is ample to sustain the challenged findings. He testified that defendant R. M. Trezevant had represented him as his attorney for a period of years but had told him that he could not afford to represent him further without receiving a substantial payment; that said Charles Kenneth Miles had no money, but he asked his father, C. S. Miles, to assign the note and deed of trust to said R. M. Trezevant for said services; that said C. S. Miles consented to do so and gave him the note and deed of trust with explicit instructions to turn them over to said R. M. Trezevant; that he left his father's house and delivered said note and deed of trust to said R. M. Trezevant within a half hour thereafter. The testimony of defendant R. M. Trezevant corroborated said testimony in many particulars as did also at least a portion

of the testimony of defendant C. S. Miles. Appellant strongly relies, however, upon one portion of the testimony of the last-mentioned witness.

Said defendant C. S. Miles was called by plaintiff under the provisions of section 2055 of the Code of Civil Procedure. He was then a man eighty-two years of age who admittedly could not hear or understand the questions well and who admittedly had a memory which had become faulty. He was questioned in one portion of his testimony as to a subsequent conversation regarding the transaction in question. He testified as follows: ''Q. And you did tell her that you had turned it back to your son, did you not? A. For a specified purpose— Q. I don't care, did you or not— The Court: Conclude your answer. A. What are you trying to get at anyway? I said it was given to him for a purpose. The Court: Mr. Miles, you started to give an answer, and you were interrupted; you didn't finish it. You said for a specific purpose. Will you conclude that answer? A. It was to help him out. The Court: Well, I want the rest of that answer, for the specific purpose of what; for what specific purpose? The Witness: For attorney's fees.''

In another portion of the testimony of said witness, he was questioned concerning the transaction and he testified as follows: ''Q. And you just gave it back to him? A. I gave it back to him, yes, turned it over to him. Q. And told him to keep it? A. I didn't tell him anything of the kind. I turned it over to him. Q. With the intention that he own it? A. That he should own it and do as he pleased with it.''

Giving this last portion of the testimony all of the force to which appellant claims it is entitled, the most that can be said is that it created a conflict which the trial court was called upon to determine. The trial court having made the findings above set forth with substantial evidence to sustain them, this court may not interfere.

Appellant cites and relies upon *Bailes* v. *Keck*, 200 Cal. 697 [254 Pac. 573], and *Gordon* v. *Wansey*, 21 Cal. 77, but these cases are clearly distinguished on their facts. The facts found here showed that there was no assignment by the payee to the maker for a valuable consideration.

Some reference is made in appellant's brief to the value of the note and deed of trust in comparison with the value of the legal services performed. This question does not appear to have been raised in the trial court and the finding

that the note and deed of trust were assigned to defendant R. M. Trezevant for a valid consideration is not assailed. It appears appropriate, however, to state that the only testimony in the record relating to the value of the security, consisting of the second incumbrance on the property, is to the effect that said security was of doubtful value.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1939.