PACIFIC GRAPE PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97116. Promulgated October 9, 1940.

*T. B. Scott, Esq.*, and *L. L. Dennett, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

**OPINION.**

Leech: The question at issue is whether or not the petitioner is entitled to a credit for dividends paid under the provisions of section

27 (a) of the Revenue Act of 1936,[1] in ascertaining its undistributed net income upon which a surtax is imposed pursuant to section 14 (b) of that act.[2] The term "undistributed net income" is defined in section 14 (a) (2).[3]

Respondent determined the deficiency on the following ground:

\* \* \* \* \* \* \*

It is held that by these devices no dividend was paid in the year 1936. Since an actual payment of dividends to stockholders within the year 1936 was required by Section 27 (a) of the Revenue Act of 1936 in order to secure credit in computing surtax on undistributed profits for the year 1936, and since no such payment was made as to the $94,870.80, it is held that you are not entitled to a dividend paid credit for the said $94,870.80.

The petitioner contends that it has complied strictly with the requirements of the statute by passing a resolution authorizing unequivocally the declaration of a 95 percent dividend within the taxable year and by issuing and delivering to its stockholders its checks covering such dividend. It affirms that its stockholders accepted such checks as a dividend payment and used them in making a voluntary contribution to the company's surplus by endorsing and delivering them to the company for that purpose. It argues that what the stockholders chose to do with their checks was their own affair and had nothing to do with the petitioner's payment of its dividend and its arrangement to pay the dividend checks if and when presented.

Since petitioner is asking not only for a credit but also for a credit sought to be secured by a scheme admittedly adopted for the purpose of avoiding taxes, its transactions in the year before us, 1936, are subject to severe scrutiny. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Rands, Inc.*, 34 B. T. A. 1094; appeal dismissed, 101 Fed. (2d) 1018. The vital premise upon which petitioner's right to the credit under section 27 (a) depends is that the dividends shall have been "paid during the taxable year." *Sanford Corporation* v. *Commissioner*, 106 Fed. (2d) 882. The only issue before us is whether petitioner has carried its burden of proving this essential point.

The facts are that, prior to the directors' meeting at which the so-called dividend was declared, an understanding was reached that the

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

[2] SEC. 14. SURTAX ON UNDISTRIBUTED PROFITS.

\* \* \* \* \* \* \*

(b) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation a surtax equal to the sum of the following, subject to the application of the specific credit as provided in subsection (c):

7 per centum of the portion of the undistributed net income which is not in excess of 10 per centum of the adjusted net income.

\* \* \* \* \* \*

[3] (a) DEFINITIONS.—As used in this title—

\* \* \* \* \* \* \*

(2) The term "undistributed net income" means the adjusted net income minus the sum of the dividends paid credit provided in section 27 and the credit provided in section 26 (c), relating to contracts restricting dividends.

director-stockholders would endorse their dividend checks and return them uncashed to the corporation and that they would persuade other stockholders to do the same. The meeting was held on December 30, 1936, and the checks were drawn on that day. On December 28 at least 30 stockholders had been notified to call at petitioner's offices and endorse their checks back to petitioner, and had complied with this request "prior to December 31." On December 30, the director-stockholders, who owned the bulk of the stock of petitioner, received their checks at the meeting and endorsed them back to petitioner immediately. Eight other stockholders, whose holdings were small, returned their endorsed, uncashed checks to petitioner during the first three months of 1937, and petitioner retained the checks of five others because their addresses were unknown.

The dividend was declared on December 30, 1936, on stock of that record date, to be paid December 31, 1936. But the minutes of the meeting were dated December 31, 1936. The checks were also dated December 31, 1936.

The inescapable significance of these facts is that the liability of petitioner on all but $1,097.25 worth of dividend checks,[4] or almost 99 percent of that liability, was released and canceled prior to its accrual. Civil Code of California, sec. 3200 (5); *Bailes* v. *Keck*, 200 Cal. 697; 254 Pac. 573. Thus, even if petitioner were on the accrual basis (a fact which is not proven here) it can not be heard to say that this still-born liability represents an accruable item that would found a right either to a deduction or to a credit. *Lucas* v. *American Code Co.*, 280 U. S. 445. The same holds true *a fortiori* if petitioner is on the cash basis. *Sanford Corporation* v. *Commissioner, supra; Eagleton* v. *Commissioner*, 97 Fed. (2d) 62.

The arguments of petitioner, that the stockholders could have enforced payment of the dividends to them and that they had a free choice as to whether they would cash the checks or endorse them back to petitioner, are devoid of merit. The minutes of the directors' meeting at which the dividend was declared were deliberately misdated December 31, 1936, the meeting actually having been held on the preceding day. It was thus petitioner's intention to become liable for payment of the dividends on December 31, the date which the checks therefor bore. *Wabash Railway Co.* v. *Barclay*, 280 U. S. 197; *In re Wolfe's Estate*, 279 N. Y. S. 605. But petitioner was released from 99 percent of that liability the day before it arose. The checks purporting to pay that liability thus became nullities because they were returned to petitioner before they were payable. The proceeds

---

[4] Checks returned to petitioner with endorsements after December 31, 1936, i. e., in first three months of 1937, totaled $968.05. The checks which petitioner retained because the addresses of the payees were unknown totaled $129.20. This latter figure is not contested by respondent as an allowable credit, but the former figure is included in the total amount disallowed by him, $94,870.80.

of these checks were never available to these stockholders. Cf. *Appeal of A. H. Stange*, 1 B. T. A. 810; *Saenger, Inc.* v. *Commissioner*, 84 Fed. (2d) 23.

That the stockholders reported the dividends received in their individual returns as income and paid a tax thereon has likewise not been proved. Cf. *Valley Tractor & Equipment Co.*, 42 B. T. A. 311. We can not indulge a presumption in favor of petitioner in this regard.

Thus, not only has petitioner failed to meet its burden of proving payment of the greater bulk of the dividend in 1936, but also the facts show unmistakably and affirmatively that no such payment was ever made.

Inasmuch as the evidence shows that certain stockholders did not endorse their dividend checks back to petitioner until after the close of the taxable year, we hold that petitioner must be allowed a dividends paid credit equal to the face amount of those checks, $968.05. In the case of these checks, the liability of petitioner thereon was not extinguished before it arose and accrued, the stockholders could have kept and cashed them, and the case is *pro tanto* indistinguishable from *Valley Tractor & Equipment Co.*, *supra*.

We hold, therefore, that petitioner is entitled to a credit in the amount of only $968.05.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Disney dissents.

---

Van Fossan, dissenting: Being unable to agree with the action of the Board in disallowing in part the claimed dividend credit, I respectfully dissent.