[No. F034149. Fifth Dist. June 22, 2001.]

GREAT WESTERN BANK, Plaintiff, v.
HERMAN KONG, Defendant and Appellant;
FRANK LEE et al., Defendants and Respondents.

**COUNSEL**

Thomas & Snell and Marcus D. Magness for Defendant and Appellant.

Arter & Hadden, Ralph A. Kerstetter and Carol A. Jasinski for Defendants and Respondents.

## OPINION

**LEVY, J.**—The issue presented in this appeal is whether partners who settle with a partnership creditor and thereby become assignees of a deficiency judgment based on a partnership debt can enforce that judgment against a nonsettling partner. The trial court ruled that such enforcement is permissible and proceeded accordingly.

However, contrary to the trial court's conclusion, the assignee partners do not acquire the assignor's rights with respect to the judgment. Rather, the assignment of a joint and several debt to one or more of the co-obligors extinguishes that debt. Consequently, no further action can be maintained on the judgment itself. Therefore, the order issued by the trial court to enforce the assigned judgment must be reversed.

### STATEMENT OF THE CASE AND FACTS

At one time, appellant, Herman Kong, and respondents, Frank Lee, Fred Lee, George Lee, Roderick Chow, Kenneth Chow, Gerald Chow, Howard Lee, Betty Lee, Barbara Lee, Mark Yep and David Yep, were partners in Pergola Garden Apartments Associates (Pergola), a California general partnership. Pergola was formed in 1976 to purchase and manage an apartment complex.

In 1984, Pergola borrowed $1.9 million from Great Western Bank (Great Western). Appellant and respondent Frank Lee executed the required loan documents as general partners on behalf of Pergola, including a promissory note secured by a deed of trust on the apartment complex.

Pergola defaulted on the mortgage payments in 1993 and Great Western filed the underlying action against Pergola and its partners. Great Western was ultimately granted summary adjudication on its cause of action for judicial foreclosure and the apartment complex was sold. Thereafter, a deficiency judgment was entered in favor of Great Western and against Pergola and its partners in the amount of $693,374.63. Great Western was also awarded $47,522.05 in attorney fees and costs.

On March 31, 1997, Great Western assigned the deficiency judgment and the order fixing attorney fees and costs to Pergola and respondents. The

assignment did not disclose the consideration received. However, a "partial satisfaction of judgment" filed by Pergola and respondents states that Great Western was paid $170,000.

Appellant holds interests in several other partnerships. An action to dissolve one of these partnerships, known as Video 2000, was filed in the Tulare County Superior Court in 1986. However, the partnership assets were not ordered distributed until May 3, 1999. On May 19, respondents moved for an order charging appellant's interest in the Video 2000 partnership and directing the partnership to pay distributions due to appellant directly to respondents in partial satisfaction of the assigned Merced County judgment. The trial court granted this motion and issued the order on July 23, 1999. This charging order is the subject of a related appeal.

Respondents filed a second motion seeking an order charging appellant's interests in three additional partnerships. This motion was granted on September 8, 1999. The resulting order is the subject of this appeal.

Appellant contends that Great Western's assignment of the deficiency judgment to Pergola and respondents extinguished that debt. Accordingly, appellant argues, respondents cannot enforce the judgment as judgment creditors. Appellant is correct.

## DISCUSSION

As noted above, Pergola was the maker of the original note upon which the deficiency judgment was based. Generally, all of the partners are jointly and severally liable for a partnership debt. (Corp. Code, § 16306, subd. (a).) Consequently, upon Pergola's default, the creditor, Great Western, filed its complaint against Pergola and the partners individually. Thereafter, the deficiency judgment was entered against Pergola, the individual partners, "and each of them." In other words, Pergola and its partners were liable to Great Western as co-obligors.

Appellant and respondents agree on what their status was at this point, i.e., they were judgment debtors of Great Western. However, once Great Western assigned the deficiency judgment and order to Pergola and respondents, the situation changed. At issue is what effect this assignment had on the parties' respective rights and obligations.

A judgment creditor may assign the right represented by the judgment to a third person. (Civ. Code, § 954; *Fjaeran v. Board of Supervisors* (1989) 210 Cal.App.3d 434, 440 [258 Cal.Rptr. 353].) In doing so, the

judgment creditor assigns the debt upon which the judgment is based. (*North v. Evans* (1934) 1 Cal.App.2d 64, 67 [36 P.2d 133].) Through such an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the assignor for the enforcement of the debt, subject, however, to the defenses that the judgment debtor had against the assignor. (*Teater v. Good Hope Dev. Corp.* (1942) 55 Cal.App.2d 459, 462 [130 P.2d 812].)

The execution and delivery of a written assignment perfects this transfer as against third persons, i.e., it establishes the assignee's priority in relation to other assignees of the same judgment rights. (Civ. Code, § 954.5, subd. (a); *Fjaeran v. Board of Supervisors, supra,* 210 Cal.App.3d at p. 440.) Further, if the assignee files an acknowledgment of assignment of judgment in the court that entered the judgment, the assignee may obtain a writ of execution or use other enforcement remedies provided for in the Code of Civil Procedure. (Code Civ. Proc., §§ 673 & 681.020; *Fjaeran v. Board of Supervisors, supra,* 210 Cal.App.3d at p. 440.)

Based on Great Western's assignment, respondents contend they acquired the right to enforce the judgment against appellant. Respondents point out that the assignment was perfected and that an acknowledgment of assignment was filed. Consequently, respondents argue, they "stepped into Great Western's shoes" related to this action and became appellant's judgment creditors. The trial court agreed with respondents' position. Accordingly, the court issued the order charging appellant's interests in three other partnerships pursuant to Corporations Code section 16504.

However, Great Western assigned the judgment to appellant's co-obligors, not to an innocent third person. It has long been established in California that the assignment of a joint and several debt to one of the co-obligors extinguishes that debt. (*Gordon v. Wansey* (1862) 21 Cal. 77, 79; *Bailes v. Keck* (1927) 200 Cal. 697, 701 [254 P. 573, 51 A.L.R. 930].) The assignment amounts to payment and consequently the evidence of that debt, i.e., the note or judgment, becomes *functus officio* (of no further effect). (*Gordon v. Wansey, supra,* 21 Cal. at p. 79; *Quality Wash Group V, Ltd. v. Hallak* (1996) 50 Cal.App.4th 1687, 1700 [58 Cal.Rptr.2d 592]; Civ. Code, § 1474.) Therefore, no action can be maintained on the original debt. (*Bailes v. Keck, supra,* 200 Cal. at p. 701.)

This rule applies where the co-obligors share primary liability. If, however, a surety or guarantor, whose liability is secondary, pays the debt, that obligation is not automatically extinguished. (*Collection Control Bureau v. Weiss* (1975) 50 Cal.App.3d 865, 869 [123 Cal.Rptr. 625].) Rather, the surety or guarantor can maintain an action on the original obligation against

the party primarily liable for its payment. (Cal. U. Com. Code, § 3419, subd. (e); see *Flojo Internat., Inc. v. Lassleben* (1992) 4 Cal.App.4th 713, 722 [6 Cal.Rptr.2d 99].)

 Here, appellant and respondents shared primary liability for payment of the deficiency judgment. Thus, when Great Western assigned that judgment to Pergola, the original maker of the note, and to respondents who, as partners, were jointly and severally liable for that debt, the obligation was extinguished. By settling their debt with Great Western, respondents did not acquire Great Western's right to collect the balance of the judgment from appellant. In other words, respondents could not transform themselves from judgment debtors to judgment creditors. Therefore, the trial court erred when it enforced the assigned judgment by charging appellant's interest in the three partnerships listed in the September 8, 1999, order. This charging order must be reversed.

Nevertheless, respondents are not without recourse. As a partner, appellant is liable for his proportionate share of the sums the other partners actually paid toward the partnership debt. (*Goldring v. Chudacoff* (1936) 15 Cal.App.2d 741, 742 [60 P.2d 135].) Thus, respondents are entitled to contribution from appellant. Since respondents satisfied the judgment more than 30 days ago, they cannot employ the procedure set forth in Code of Civil Procedure section 881 et seq., i.e., apply to the court that entered the judgment for an order compelling contribution. However, where, as here, a co-obligor has not paid his respective share of the obligation, there exists an independent cause of action for equitable contribution under Civil Code section 1432. (See *Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, 1293 [77 Cal.Rptr.2d 296].)

DISPOSITION

The order charging appellant's partnership interests is reversed. Costs on appeal are awarded to appellant.

Ardaiz, P. J., and Gomes, J.,* concurred.

---

*Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.