Filed 12/15/15  De Langis v. Hermanne, LLC CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID JON DE LANGIS, | B254781 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC517451) |
| v. | |
| HERMANNE, LLC, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles, Kevin C. Brazile, Judge.  Affirmed.

Brian J. Jacobs, for Plaintiff and Appellant.

Law Offices of Edwin Paul, Edwin Paul and Margie L. Jesswein, for Defendant and Respondent.

_____

Plaintiff and appellant David Jon de Langis appeals from a judgment of dismissal following an order sustaining a demurrer without leave to amend in favor of defendant and respondent Hermanne, LLC, in this action arising from enforcement of a default judgment.[1]  On appeal, de Langis contends:  (1) the order granting service by publication is void, because the application for publication lacked evidentiary support, and the request for entry of default contained a false statement, and as a result of these deficiencies, the default judgment against de Langis is void on its face for lack of service, and the subsequent sheriff's sale and property transfers based on the default judgment are void as well; (2) the doctrine of res judicata does not apply because a void judgment may be vacated at any time and the issue of the facial invalidity of the default judgment has not been determined in any prior proceedings; and (3) although Hermanne did not hold title to the property, a quiet title action can be brought to remove a lien on real property. We conclude the demurrer was properly sustained on the ground of claim preclusion.  De Langis's causes of action in the instant case arise from the same facts and injuries as his causes of action in a prior action against Hermanne.  The current theories could have been raised in the prior action, which is now final.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Fierro Enterprises, Inc. filed a complaint against Hermanne and CBI Technology Group, Inc. arising out of a construction dispute.  Hermanne filed a cross-complaint. Hermanne filed an amended cross-complaint on July 30, 2009, against CBI, Theodore

---

[1] Hermanne assigned its rights in the instant action to Seaview Development, LLC on August 13, 2014.  Seaview filed the respondent's brief as the assignee on appeal.  "A judgment creditor may assign the right represented by the judgment to a third person. [Citation.]" (*Great Western Bank v. Kong* (2001) 90 Cal.App.4th 28, 31.)  For ease of reference, we refer to Hermanne and Seaview collectively as Hermanne.

Thomas Deckers, de Langis, Surety Company of the Pacific, and American Contractors Indemnity Company (the Hermanne Action).

In January 2010, Hermanne applied to serve de Langis by publication. Hermanne's attorney submitted a declaration stating that de Langis had listings with the California State Contractor's License Board as the responsible managing officer and owner of CBI and Continental Properties. The address listed with the Board for CBI was 65 Pine Avenue in Long Beach, which was a UPS store with postal boxes. Service had previously been effected on CBI at that address. However, CBI was no longer an active contractor and its license had expired. Hermanne's process server attempted to serve de Langis at the address for Continental Properties, but discovered it was his brother's residence and his brother said de Langis did not live there.

Hermanne's process server attempted to serve de Langis at two Rancho Palos Verdes addresses that he was shown to own in the records of the Los Angeles County Recorder. One residence on Via Rincon was not occupied by de Langis. The other residence on Palos Verdes Drive East was gated and a neighbor said de Langis lived there. Multiple attempts to serve de Langis at the property over several dates were unsuccessful. Hermanne sent a copy of the summons and complaint by regular mail to the Palos Verdes Drive East address.

The trial court granted the application and Hermanne served de Langis by publication. CBI's attorney Brian Jacobs spoke with Hermanne's attorney in January 2010 on behalf of CBI. Hermanne's attorney mentioned that he had been unsuccessful in serving de Langis. Jacobs understood him to say that Hermanne would be proceeding in the litigation without de Langis. Jacobs told de Langis about the cross-complaint, but said Hermanne did not intend to serve him and he had no legal obligation to respond.

On March 23, 2010, Hermanne filed a request for entry of default judgment against de Langis. The request reflected that it was not mailed to de Langis, whose address was unknown. De Langis's default was entered.

In support of the default prove-up, Hermanne provided a declaration describing damages for breach of a construction contract. Hermanne submitted a copy of a

3

construction contract between Hermanne and contractor CBI, which was signed by de Langis as the Project Executive for CBI. Hermanne also provided a copy of the Secretary of State's website showing CBI was suspended, CBI's address was 200 Pine Avenue in Long Beach, and the agent for service of process was attorney Jacobs, whose address was on Ambassador Street in Los Angeles. Hermanne also provided a copy of the Board's web page showing CBI was not active and not able to contract. The Board's web page showed CBI's address was 65 Pine Avenue in Long Beach, which was the UPS store. CBI's contractor's license expired in October 2009. The responsible managing officer listed was Deckers.

On July 19, 2010, judgment by default was entered against de Langis in the amount of $1,220,754. An abstract of judgment was recorded on January 14, 2011, which was 179 days after the default judgment was entered. The Orange County Clerk Recorder's office sent courtesy notices to CBI at 65 Pine Avenue and to de Langis at the Palos Verdes Drive East address with copies of the recorded abstract of judgment that referenced their properties.

In March 2011, de Langis filed a complaint to set aside the default and default judgment on the grounds of extrinsic fraud and mistake (De Langis 1). The complaint alleged Hermanne knew de Langis's business address was the UPS address at 65 Pine Avenue, but did not attempt to serve him there. The statement on the request for entry of default that de Langis's address was unknown to Hermanne was a false statement, because Hermanne knew de Langis's residential and business addresses. De Langis was only an employee of CBI. Hermanne did not provide de Langis with notice of the judgment. Hermanne recorded an abstract of judgment 179 days after the entry of judgment, which did not give de Langis constructive notice of the judgment in time to set aside the default and vacate the judgment. Hermanne's actions were intended to minimize the likelihood that de Langis would have actual notice of the action and the judgment against him. De Langis dismissed De Langis 1 without prejudice in August 2011.

4

De Langis filed a motion in the Hermanne Action to set aside the default and the default judgment under Code of Civil Procedure sections 473.5 and 473, subdivision (d), on the grounds that he had not received notice of the action and the default judgment was obtained by fraud. After a hearing in June 2012, the trial court in the Hermanne Action denied the motion to set aside the default and default judgment on the ground that it was not brought within a reasonable time. De Langis filed a notice of appeal, but the appeal was dismissed in October 2012, for failure to designate a record.

In June 2012, de Langis filed an action in Los Angeles County that was essentially identical to De Langis 1 (De Langis 2). He sought an ex parte temporary restraining order to stay execution of the default judgment, which was denied.

In July 2012, Hermanne sought an order in the Hermanne Action authorizing sale of the Via Rincon property owned by de Langis. On September 14, 2012, the court ordered an execution sale of the Via Rincon residence.

A sheriff's sale was scheduled for January 9, 2013. On January 7, 2013, de Langis filed an action against Hermanne for fraud, issuance of a temporary restraining order and a permanent injunction, abuse of process, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.) (De Langis 3). The complaint alleged de Langis was aware of the existence of Hermanne's cross-complaint, but not the attempts to serve him or the service by publication. Attorney Jacobs had said Hermanne's attorney ceased trying to serve him and de Langis was under no obligation to defend himself. De Langis was simply an employee of CBI, so it was reasonable to believe Hermanne was not pursuing him as a defendant.

The cause of action for fraud alleged Hermanne committed extrinsic fraud in order to conceal the proceedings against him and misrepresent the evidence. Specifically, the statements in the declaration for an order to serve by publication were false because Hermanne knew de Langis's business address and home address, but did not attempt to serve him at his business address. The request for entry of default incorrectly stated that de Langis's address was not known. Hermanne did not serve notice of the entry of judgment or the abstract of judgment. In fact, Hermanne recorded the abstract of

5

judgment too late to give constructive notice of the judgment to allow de Langis to file a timely motion to vacate the judgment. In the default prove-up, Hermanne misrepresented de Langis's relationship to other defendants and misstated its damages. De Langis sought to have the entry of default set aside and the default judgment vacated. Hermanne also abused the service by publication process to minimize the likelihood that de Langis would be served or gain actual notice that the action was being pursued against him.

De Langis filed an ex parte motion in De Langis 3 to enjoin the sale, which was denied on January 8, 2013. That same day, de Langis filed a petition under Chapter 11 of the United States Bankruptcy Code, triggering an automatic stay. His address listed on the bankruptcy documents was the Palos Verdes Drive East property. De Langis removed De Langis 3 to the bankruptcy court.

De Langis 2 was dismissed in February 2013, for failure to prosecute. On March 7, 2013, the bankruptcy court dismissed the Chapter 11 bankruptcy case and remanded De Langis 3 back to state court. Hermanne filed an anti-SLAPP motion in De Langis 3 on the ground that Hermanne's litigation activity was protected and de Langis could not demonstrate a probability of prevailing.

On May 7, 2013, de Langis brought an ex parte application seeking a temporary restraining order to enjoin the execution sale scheduled for the next day. The order was denied. On May 8, 2013, the Via Rincon property was sold to Emma Sigal[2] for $679,000. A sheriff's deed of sale was recorded.

In June 2013, the trial court granted Hermanne's anti-SLAPP motion. De Langis filed a notice of appeal.

On July 21, 2013, Michael Sigal executed a quitclaim deed transferring his interest in the property to Emma. That day, Emma executed a grant deed transferring the property to Alden Halpern as trustee of the Alden J. Halpern Revocable Trust dated June 21, 2005.

---

[2] Because more than one party shares the last name Sigal, they will be referred to individually by their first names.

On August 6, 2013, de Langis filed the instant complaint against Hermanne, the Sigals, and Halpern as trustee of the trust, to quiet title and cancel instruments (De Langis 4). Based on the same allegations as his prior action, he sought to quiet title to the property in his name, and have the abstract of judgment, the sheriff's deed and the Sigals' deeds declared void and cancelled.

Hermanne filed a demurrer in De Langis 4 in September 2013, on the grounds that the complaint failed to state a cause of action, the default judgment was final and conclusive, there was another action pending, and the claims had been decided by a court in another county.

De Langis filed an opposition to the demurrer on the grounds that the complaint stated causes of action, the default judgment was void on its face, and the complaint was not barred by the earlier actions.

After a hearing on November 14, 2013, trial court sustained the demurrer without leave to amend. The complaint failed to state a quiet title action against Hermanne, because Hermanne did not claim an adverse interest in the property. The cause of action for cancellation of instruments had been decided in another case or is pending in another action. Although no court had considered de Langis's claim that the judgment is void on its face, the relief is inextricably intertwined with his appeal of the order granting the anti-SLAPP motion. If the anti-SLAPP order is reversed on appeal, de Langis will pursue his claim against Hermanne in that case. If the anti-SLAPP order is affirmed, the current claims are barred by collateral estoppel. The trial court granted a motion to expunge de Langis's lis pendens on the property, and denied Hermanne's motion for sanctions under Code of Civil Procedure section 128.7. A judgment of dismissal as to Hermanne was entered on December 30, 2013.

De Langis filed a petition for a writ of mandate, which was denied by this appellate court on the ground that de Langis failed to demonstrate the probable validity of his real property claims to support a lis pendens. De Langis filed a notice of appeal from the judgment of dismissal in De Langis 4 on March 3, 2014.

7

On March 26, 2015, Division Three of the Court of Appeal, Fourth Appellate District affirmed the judgment of dismissal in De Langis 3, and granted Hermanne's motion for sanctions for a frivolous appeal.

## DISCUSSION

### Standard of Review

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We review the trial court's decision de novo. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)

### Claim Preclusion

De Langis contends the causes of action alleged in De Langis 4 involve a different primary right than was determined in De Langis 3. Specifically, he argues that De Langis 4 seeks recovery of the real property, rather than redress for misconduct in the underlying litigation. His analysis is incorrect.

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823-824.) Claim preclusion bars "claims that were, or should have been, advanced in a previous suit involving the same parties." (*Id.* at p. 824.) Issue preclusion, also known as collateral estoppel, bars "relitigating issues that were argued and decided in the first suit." (*Ibid.*)

8

"To avoid future confusion, we will follow the example of other courts and use the terms 'claim preclusion' to describe the primary aspect of the res judicata doctrine and 'issue preclusion' to encompass the notion of collateral estoppel. [Citation.] It is important to distinguish these two types of preclusion because they have different requirements." (*Ibid.*)

"*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 824.)

"*Issue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action. [Citation.] Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action. [Citation.] There is a limit to the reach of issue preclusion, however. In accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party. [Citation.]" (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 824.)

Under the claim preclusion doctrine, "'a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action . . . . In California, a "cause of action" is defined by the "primary right" theory. "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." . . . In particular, the primary right theory provides that a cause of action consists of (1) a primary right possessed by the plaintiff, (2) a corresponding duty devolving upon the defendant, and (3) a delict or wrong done by the defendant which consists of a breach of the primary right. . . . "'If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it. . . . The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate

9

them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable . . . .'"" [Citation.]" (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 575-576 (*Villacres*).)

"'The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, "litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background." . . . "[U]nder what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. . . . '. . . [A]n issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. . . .'"" [Citation.]" (*Villacres, supra,* 189 Cal.App.4th at p. 576.)

"""In California the phrase 'cause of action' is often used indiscriminately . . . to mean *counts* which state [according to different legal theories] the same cause of action. . . ." . . . But for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. . . . "[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. . . . Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [the plaintiff] presents a different *legal* ground for relief.' . . ." Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the

same parties seek compensation for the same harm, they generally involve the same primary right.' [Citation.]" (*Villacres, supra,* 189 Cal.App.4th at pp. 576-577.)

"'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. . . . It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." . . . The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."' [Citations.]" (*Villacres, supra,* 189 Cal.App.4th at p. 577.)

"The doctrine is applicable 'if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the *same cause of action* as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.] '[R]es judicata will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed."' [Citation.]" (*Villacres, supra,* 189 Cal.App.4th at p. 577.)

De Langis 4 is based on the same factual background and injuries as De Langis 3, namely, the harm caused by entry of the default judgment without proper service. De Langis's theory to set aside the judgment because it is void on its face arises from the same documents and factual circumstances as his theory in De Langis 3 to set the judgment aside based on extrinsic fraud. These matters were within the scope of De Langis 3, related to the subject matter and were relevant to the issues, such that the theory could have been raised in De Langis 3, but he chose not to plead this theory and cannot raise it in a separate action after judgment was granted against him in De Langis 3. The trial court properly sustained the demurrer to the instant action without leave to amend and entered judgment in favor of Hermanne.

11

**Motion for Sanctions**

Hermanne filed a motion requesting sanctions for a frivolous appeal. Although it is a close decision, we decline to award sanctions in this case.

Sanctions may be awarded against a party or the party's attorney for filing a frivolous appeal or an appeal intended solely to harass or delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a).) We may rely on either or both a subjective and an objective standard. "The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective. [Citation.]" (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 556.)

De Langis's brief was thorough, included proper citations to the record, and a reasoned analysis for extension of current case law. De Langis did not have the issue of service decided on the merits in the motion to vacate the default judgment. Since his property had been sold already, the appeal in the instant case did not delay any relief for Hermanne. We decline to award sanctions in connection with the present appeal.

12

**DISPOSITION**

The judgment is affirmed.  Respondent Hermanne, LLC, is awarded its costs on appeal.


KRIEGLER, J.

We concur:



MOSK, Acting P. J.



BAKER, J.